## Myers v. Swann.

The Circuit Court cannot take jurisdiction of a suit removed from a State court under the third subdivision of sect. 639 of the Revised Statutes, on account of "prejudice or local influence," unless all the necessary parties on one side of the suit are citizens of different States from those on the other.

Error to the Circuit Court of the United States for the Eastern District of North Carolina.

The case is stated in the opinion of the court.

*Mr. Thomas T. Crittenden* and *Mr. Franklin H. Mackey* for the plaintiff in error.

*Mr. Samuel F. Phillips* for the defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a writ of error brought under the act of March 3, 1875, c. 137, to reverse an order of the Circuit Court remanding a cause removed from a State court under the third subdivision of sect. 639 of the Revised Statutes, on account of "prejudice or local influence." At the time the application for removal was made in the State court, the suit was being

prosecuted by citizens of North Carolina, as plaintiffs, against George Myers, then in life, a citizen of New York, and certain other persons, all citizens of North Carolina, to recover the possession of a lot in Wilmington, occupied by Myers, and to obtain a conveyance of the legal title held by the other defendants. The suit was originally begun on the 19th of May, 1873, against Myers alone, to recover the possession and damages for the detention; but on the 29th of May, 1877, an amended complaint was filed, not changing the action as against him, but bringing in the other defendants, who, it was alleged, held the legal title, and asking for a conveyance from them. Myers alone answered the amended complaint on the 8th of September, 1877, and on the 12th of March, 1878, petitioned for a removal, filing an affidavit to the effect that he had reason to believe, and did believe, that from prejudice or local influence he would not be able to obtain justice in the State court. The State court of original jurisdiction refused to allow a removal; but on appeal to the Supreme Court this was overruled, on the ground that the new defendants were merely nominal parties as trustees, and thereupon the cause was docketed in the Circuit Court of the United States on the 18th of November, 1878. In November, 1879, the Circuit Court, "being of opinion that the action in its present form" could not be maintained in that court, remanded the suit to the State court, and from that order this writ of error was brought.

As the suit was pending in the State court against Myers from 1873 to 1878, his application for removal was too late to secure the benefit of the separable controversy provision in the act of 1875. Such an application should have been made at or before the term at which the cause could be first tried, or rather, as this suit was begun before the act of 1875 was passed, it should have been at or before the term at which the cause could be first tried after that act went into operation. *Removal Cases*, 100 U. S. 457, 473.

Under the local prejudice act there can be no removal unless all the necessary parties on one side of the suit are citizens of different States from those on the other. This was decided in *Vannevar* v. *Bryant*, 21 Wall. 41. It is not enough that there be a separable controversy between parties having the

necessary citizenship, nor that the principal controversy is between citizens of different States. If there are necessary parties on one side of the suit, citizens of the same State with those on the other, the Circuit Court cannot take jurisdiction.

There is no doubt that in this case the principal controversy is between Myers and the plaintiffs, but the relief that is asked cannot be granted without the presence of all the defendants. The possession of the land is in Myers or his heirs, but the legal title is thought to be in the other defendants. It is true that the other defendants are mere trustees, who may be compelled to convey if they do have the title; but one of the objects of the suit is to get such a conveyance. This part of the relief asked for cannot be had unless the trustee defendants are parties. The record shows that they refused to join as plaintiffs. This implies that they deny the trust and leave the plaintiffs to their remedies. In effect they have put themselves on the record as contending that the conveyance made by their ancestor passed the title to Myers and discharged the trust. This also is claimed by Myers. Consequently it appears that, under the ruling in *Gardner* v. *Brown*, 21 Wall. 36, the plaintiffs required the presence of the trustee defendants in order to get Myers out of possession even. Without the legal title they could not recover in ejectment against him. The trustee defendants were unwilling to join with the plaintiffs. Therefore the plaintiffs had to make them defendants in order to recover at all. It follows that the trustee defendants were not only not nominal parties, but, if they actually did hold the legal title, as is assumed, necessary parties.

The order remanding the cause was right, and it is

*Affirmed.*