# CAMBRIA IRON COMPANY *v.* ASHBURN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

Submitted April 5, 1886.—Decided April 19, 1886.

*United States* v. *Bowen*, 100 U. S. 508, affirmed, to the point that where the meaning of the Revised Statutes is plain, the court cannot recur to the original statutes to see if errors were committed in revising them, but it may do so, when necessary to construe doubtful language used in the revision.

*Jefferson* v. *Driver*, 117 U. S. 272, affirmed and applied to the point that the removal of a cause from a State court on the ground of local prejudice can be had, only where all the parties to the suit on one side are citizens of different States from those on the other : and that the provision as to the removal of a separable controversy under the second subdivision of Rev. Stat. § 639 has no application to removals under the third subdivision.

This was an appeal from an order remanding the cause to the State court from whence it had been removed. The case is stated in the opinion of the court.

*Mr. William M. Ramsey, Mr. Lawrence Maxwell Jr.*, and *Mr. Mortimer Matthews* for appellant.

*Mr. C. B. Matthews* for appellee.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal under § 5 of the act of March 3, 1875, 18 Stat. 470, ch. 137, from an order of the Circuit Court remanding a cause which had been removed from the State court. The facts are these:

On the 14th of September, 1883, Stephen Feike brought suit in the Court of Common Pleas of Scioto County, Ohio, against the Cincinnati and Southeastern Railroad Company to collect a debt due to him from the railroad company and asking the appointment of a receiver. On the same day that the petition was filed the railroad company, then the only defendant, entered its appearance and waived both process and notice of an application for the appointment of a receiver. At the same time W. R. McGill, another creditor of the company, came in, and by leave of the court made himself a party defendant, and filed an answer and cross-petition, in which he asked for himself the same relief that had been prayed by Feike. Immediately upon the filing of these pleadings a receiver was appointed with full power to take possession of and manage the railroad and other property of the company. On the 20th of September, R. M. Shoemaker, T. Q. Ashburn, M. Jamison, P. F. Swig, and L. W. Bishop, trustees under various mortgages of the railroad company, came in voluntarily and by leave of the court made themselves parties defendant. On the 5th of November, Shoemaker, one of the trustees, answered the petition. On the 21st of February, 1884, the Lomas Forge and Bridge Company was made a defendant and filed a cross-petition, asking to be paid certain claims for supplies out of the earnings of the road.

On the 5th of June, 1884, the Cambria Iron Company, a Pennsylvania corporation, filed an answer and cross-petition, by leave of the court, to recover the price of a quantity of steel

rails which had been delivered to the railroad company a short time before the appointment of the receiver and used in the construction of the railroad, or to have a return of the rails with a reasonable compensation for their use. A judgment for damages was also asked, because of a refusal to accept other rails which had been contracted for and a delivery tendered. On the 15th of June, Post & Co. were admitted defendants, and they filed an answer and cross-petition asking payment of an amount due them for spikes, angle-bars and bolts, and on the 19th of July, D. M. Richardson filed an answer and cross-petition, in which he asked payment of an amount due him for the construction of part of the road. On the 6th of January, 1885, Shoemaker & Ashburn filed an answer and cross-petition for a foreclosure of the mortgage executed to them as trustees, and on the 5th of February Richardson demurred to the answer and cross-petition of the Cambria Iron Company. On the 5th of August the case was referred, on motion of Feike, Richardson and Ashburn, and with the consent of all the other parties, to a master to take testimony and report upon the questions and issues raised by the pleadings. This report was filed December 10, 1885, and on the 24th of the same month the Cambria Iron Company presented a petition for the removal of the suit to the Circuit Court of the United States for the Southern District of Ohio, on the ground of prejudice and local influence. This petition set forth that the Iron Company was a citizen of Pennsylvania and all the other parties to the suit citizens of Ohio. The suit was entered in the Circuit Court, and on the 8th of February, 1886, Ashburn, one of the parties, moved that it be remanded, (1) because it was not removable, and (2) because the petition was not filed in time. This motion was granted February 10, and from an order to that effect the appeal was taken.

There is here but one suit, and that between Stephen Feike, the plaintiff, a citizen of Ohio, on one side, and the several defendants, one a citizen of Pennsylvania, and the others citizens of Ohio, on the other side. It is conceded that the petition was filed too late for a removal under the act of 1875, and that the Iron Company is not entitled to a removal on its

separate petition under the third subdivision of § 639 Rev. Stat., unless because its cross-petition presents a separate controversy in the suit in which that company alone appears as plaintiff and all the other parties as defendants. It was decided at the present term, in *Jefferson* v. *Driver*, 117 U. S. 272, that the provision for a removal of a separable controversy in the second subdivision of § 639 did not apply to removals under the third subdivision, but it is now argued that this cannot be so, because the original local prejudice act of March 2, 1867, 14 Stat. 558, ch. 196, was enacted as an amendment of the removal act of July 27, 1866, 14 Stat. 306, ch. 288, which had no other purpose than to authorize the removal of separable controversies. The law which governs this subject now is all found in § 639, and it was decided in *United States* v. *Bowen*, 100 U. S. 508, that "the Revised Statutes of the United States must be accepted as the law on the subjects which they embrace as it existed on the first of December, 1873. When their meaning is plain, the court cannot recur to the original statutes to see if errors were committed in revising them, but it may do so when necessary to construe doubtful language used in the revision."

There is nothing of doubtful meaning in this section. It is divided into three subdivisions, all relating to the removal of suits, but each providing for a separate class. The first embraces the cases provided for in § 12 of the Judiciary Act of 1789, 1 Stat. 79, ch. 20 ; the second the cases in which there is a separable controversy, and the third the cases affected by prejudice or local influence. Each subdivision is complete in itself and in no way depends on any other. Each describes the particular class of suits to which it relates, and without reference to the others. The language of the third subdivision is, "When a suit is between a citizen of the State in which it is brought and a citizen of another State, it may be so removed on the petition of the latter," if he files with his petition "an affidavit that he has reason to believe and does believe, that, from prejudice and local influence, he will not be able to obtain justice in such State court." This is the language substantially of the act of March 2, 1867, 14 Stat. 559,

as to which it was held in *Sewing Machine Cases*, 18 Wall. 553, *Vannevar* v. *Bryant*, 21 Wall. 41, and *Myers* v. *Swann*, 107 U. S. 546, 547, that there could be no removal under that act if all the parties on one side of the suit were not citizens of different States from those on the other. In the last case it was added: "It is not enough that there be a separable controversy between parties having the necessary citizenship, nor that the principal controversy is between citizens of different States. If there are necessary parties on one side of the suit, citizens of the same State with those on the other, the Circuit Court cannot take jurisdiction." We see no reason for departing from the decisions which have thus been made, and the order remanding the suit is

*Affirmed.*