## WHELAN *v.* NEW YORK, L. E. & W. R. Co. *et al.*

*(Circuit Court, N. D. Ohio, E. D.* July 24, 1888.)

**1. REMOVAL OF CAUSES—ACT OF MARCH 3, 1887—STATUTES—REPEAL.**

Act of March 3, 1887, § 2. cl. 4. providing that in actions "in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state," may remove the action to the federal court on the ground of local prejudice, and section 6, providing that "all laws or parts of laws in conflict herewith are hereby repealed," repeals Rev. St. U. S. § 639, subd. 3, which required all the parties on one side to be citizens of different states from all the parties on the other side to entitle them to remove for local prejudice.[1]

**2. SAME—LOCAL PREJUDICE—RIGHT TO REMOVE.**

Under section 2, cl. 4, of the act of 1887, in an action by a citizen of Ohio against three Ohio corporations and a New York corporation, to enforce a joint liability imposed by state statute for personal injuries sustained by plaintiff, the New York corporation is entitled to have the cause removed.[1]

**3. SAME—SEPARABLE CONTROVERSY.**

The right of removal under this clause is not confined to cases where there is a separable controversy between the plaintiff and the defendant seeking the removal, as such cases are provided for by clause 3, § 2, of that act, and the proviso in clause 4, as to remand as to resident defendants, where the parties can be separated, refers only to a remand after the suit as a whole has been removed by the non-resident defendant.

**4. SAME—ORIGINAL JURISDICTION.**

The fact that congress has not given original jurisdiction to the circuit court in such case does not affect its jurisdiction on removal by the non-resident defendant.

**5. SAME—CONSTITUTIONAL LAW—JUDICIARY.**

The act is not unconstitutional, though by virtue of the removal the circuit court obtains jurisdiction of the entire cause, including controversies between plaintiff and the resident defendants. It only gives effect to the constitutional provision respecting controversies between citizens of different states, and with that view the single federal ingredient, the citizenship of defendant in another state, is controlling.

**6. SAME—TIME OF APPLICATION.**

The application for removal is not too late, though made after the cause has been heard on demurrer in the state court and after issue joined; the words "any time before the trial" referring to the final trial on the merits.[2]

**7. SAME—PROCEDURE.**

The method of procedure to effect the removal not being prescribed by the act, the usual mode of procedure, prescribed by Rev. St. § 639, and the filing of a petition and affidavit setting out, almost in the language of the act, "that from prejudice and local influence said defendant will not be able to obtain justice in said court of common pleas, or in any other state court to which it has under the laws of the state of Ohio a right, on account of such prejudice or local influence, to remove said cause," is sufficient.

[1]As to when and by whom a cause may be removed from a state to a federal court, on account of the diverse citizenship of the parties, under the act of March 3, 1887, see Cooley v. McArthur, 35 Fed. Rep. 372, and note.

[2]As to what is the proper time for filing an application for removal of a cause to a federal court, see Larson v. Cox, (Kan.) 18 Pac. Rep. 892, and note; Railroad Co. v. Ford, 35 Fed. Rep. 170.

8. SAME—JURISDICTIONAL FACTS—ISSUE AS TO PREJUDICE.

The existence or non-existence of "prejudice or local influence" is not a jurisdictional fact involving a judicial investigation after notice to the adverse party, but may be properly shown by the *ex parte* affidavit of the defendant seeking the removal.[1]

At Law. On application to remand and motion to strike application from the files.

*A. W. Jones* and *W. S. Anderson*, for plaintiff.

*S. E. Williamson, Hine & Clarke, Adams & Russell, Geo. F. Avrell,* and *C. A. Truesdale,* for various defendants.

Before JACKSON and WELKER, JJ.

JACKSON, J. The material facts on which the questions presented by the pending application of plaintiff and motion of defendant depend are the following: In May, 1887, the plaintiff, a citizen of Ohio, commenced a civil action for damages in the court of common pleas of Mahoning county, state of Ohio, and against the New York, Lake Erie & Western Railroad Company, a citizen and corporation of the state of New York, and the Cleveland & Mahoning Valley Railroad Company, the New York, Pennsylvania & Ohio Railroad Company, and the Youngstown Street-Railroad Company, corporations of the state of Ohio. The cause of action set up in plaintiff's petition is for injuries sustained by him while riding as a passenger on a street car of the Youngstown Street-Railroad Company, by reason of a collision of said car with a locomotive of the New York, Lake Erie & Western Railroad Company, which company, as lessee, was operating the line of railroad owned by the Cleveland & Mahoning Valley Railroad Company; said railroad having been first leased to the New York, Pennsylvania & Ohio Railroad Company, and then assigned or subleased by that company, with the consent of the lessor, to the New York, Lake Erie & Western Railroad Company, whose alleged negligence in operating its locomotive, in connection with that of the Street-Railroad Company, caused the injury complained of. The petition alleged a joint cause of action against all the defendants, under and in pursuance of an act of the legislature of Ohio, passed April 13, 1883, which provided (80 Ohio Laws, p. 117, § 3305) that "the company to whom any railroad is leased, if a corporation of any other state, shall be subject to all restrictions, disabilities, and duties of a railroad incorporated within the state; and, notwithstanding such lease, the corporation of this state, lessor therein, shall remain liable as if it operated the road itself, and both lessor and lessee shall be jointly liable upon all rights of action accruing to any person for any negligence or default growing out of the operation and maintenance of such railroad, or in any wise connected therewith, and may be jointly sued in any of the courts of this state of proper jurisdiction, and prosecuted to final judgment

---

[1] For a full discussion of the "prejudice or local influence" clause of the removal act of March 3, 1887, and how such prejudice must be made to appear, see Malone v. Railroad Co., 35 Fed. Rep. 625, and note. See, also, as to the pleading and procedure on removal of causes, Johnson v. Insurance Co., 35 Fed. Rep. 374; Larson v. Cox, (Kan.) 18 Pac. Rep. 892.

therein as in other cases of joint liability, and provided that service may be had upon said companies, or either of them, by the service of process upon any officer or agent of either of said companies." The defendants severally demurred to the petition. These demurrers were overruled by the state court in the fall of 1887, and defendants were allowed time to answer the petition, and thereafter, in January, 1888, answers were filed by the defendants putting in issue the grounds of recovery set out in the petition. While the cause was thus at issue, and before trial, the New York, Lake Erie & Western Railroad Company, in February, 1888, filed in said state court its petition, supported by affidavits of its proper officer, asking for a removal of the case to this court on the ground of prejudice and local influence, which would prevent it from obtaining justice in said court of common pleas or in any other court of said state of Ohio to which it had a right, on account of said prejudice or local influence, to remove said cause. Bond with security was tendered along with the petition for removal, and on the 24th of February, 1888, the state court approved the bond, granted the order for the removal of the cause to this court, and directed a stay of all further proceedings in said state court. A copy of the record or proceedings in said cause was duly entered in this court by the defendant, and on February 25, 1888, said defendant presented to this court its petition setting forth the aforesaid proceedings in the state court, the steps it had taken to effect a removal of the suit, the action of the state court thereon, and praying that said suit might be removed to this court pursuant to the act of congress approved March 3, 1887, alleging as the ground for such removal "that from prejudice and local influence said railroad company (defendant) will not be able to obtain justice in said court of common pleas, or in any other state court to which it has, under the laws of the state of Ohio, a right, on account of such prejudice or local influence, to remove said cause," etc. This petition was verified by the proper officer of the company, who, in his affidavit accompanying the petition, states the existence of such prejudice and local influence, as alleged by petitioner, and that by reason thereof said railroad company cannot obtain justice in said court of common pleas or in any other state court to which it has, under the laws of Ohio, a right, on account of such prejudice or local influence, to remove said suit. On the presentation of said petition and affidavit, this court, without notice to the plaintiff, directed an entry to be made to the effect that the petitioner was entitled to a removal of this cause.

In the petition and affidavit presented to the state court the removal was asked on the grounds that "petitioner had reason to believe, and does believe, that from prejudice and from local influence it will not be able to obtain justice in said court of common pleas, or in any other court of said state of Ohio to which it has a right, on account of said prejudice or local influence, to remove said cause; and your petitioner desires to remove said suit into the circuit court of the United States for the Northern district of Ohio, Eastern division, in pursuance of the act of congress in that behalf, provided, to-wit, the act approved March 3, 1887, entitled," etc. While reference is thus made to the act of March 3, 1887, the re-

moval proceedings in the state court, as clearly appears from the petition
and affidavit filed therein, were taken under and in conformity with the
provisions of subsection 3, § 639, Rev. St., embodying the act of March
2, 1867, which requires the party seeking removal to make affidavit to
the effect that he "has reason to believe, and does believe, that from
prejudice or local influence he will not be able to obtain justice in such
state court." In the petition and affidavit subsequently presented to
this court, and on which its action was invoked, there is no statement as
to what petitioner or its affiant had "reason to believe and does believe"
in respect to the existence of prejudice or local influence such as would
prevent the defendant from obtaining justice in the state courts; but it
is directly stated and alleged, in the very terms of the act of March 3,
1887, "that from prejudice and local influence it [said defendant] will
not be able to obtain justice in said court of common pleas, or in any
other state court of Ohio to which the said defendant has, under the laws
of said state, the right, on account of such prejudice or local influence,
to remove said cause." The plaintiff, on April 14, 1888, filed in this
court a written application to have said suit remanded to the state court.
In said application he denies that there is any controversy between him-
self and said New York, Lake Erie & Western Railroad Company in said
action, but, on the contrary, avers that the entire controversy in said
suit is between himself on the one side, a citizen of Ohio, and on the
other side the New York, Lake Erie & Western Railroad Company, the
Cleveland & Mahoning Valley Railway Company, the New York, Pennsyl-
vania & Ohio Railroad Company, and the Youngstown Street-Railroad
Company, the last three defendants being corporations and citizens of the
state of Ohio. He denies that on account of prejudice or local influence,
or any other cause, defendants will be enabled to obtain justice in the
court of common pleas of Mahoning county, Ohio, or in any other court
of said state to which said action could be removed; and further denies
that any prejudice or local influence exists against defendants, or either
of them, in Mahoning county, or in any of the counties to which said
action might be removed under the laws of Ohio, which will tend in any
manner to prevent defendants, and each of them, from obtaining justice
in said courts. He further denies that said New York, Lake Erie &
Western Railway Company, or any one for it, has filed any affidavits, as
required by statute; on which denials, as issue joined, plaintiff demands
a hearing, and then asks that the suit be remanded for want of jurisdic-
tion in this court over either the cause or the parties thereto. The de-
fendant moves to strike said application from the files, because the same
is not authorized by law; because not in conformity with the practice of
the court; and because the matters therein set up are irrelevant.

Three of the defendants in this action being Ohio corporations, and thus
citizens of the same state with the plaintiff, the other defendant, the New
York, Lake Erie & Western Railroad Company, although a citizen of a state
other than that of the plaintiff, could not, under the act of March 2, 1867,
or the third subdivision of section 639, Rev. St., remove the suit to this
court. This is well settled by numerous decisions of the supreme court,

holding that the removal of a cause from a state court on the ground of local prejudice can be had only where all the parties to the suit on one side are citizens of different states from those on the other; that, if on each side there be more than one person, then all the persons on one side must be citizens of the state in which the suit is brought, and all the persons on the other side citizens of some other state; and the latter, having the right of removal, must unite in the petition therefor. *Sewing-Machine Cos.*, 18 Wall. 553; *Vannevar* v. *Bryant*, 21 Wall. 41; *Myers* v. *Swann*, 107 U. S. 546, 2 Sup. Ct. Rep. 685; *Iron Co.* v. *Ashburn*, 118 U. S. 54, 6 Sup. Ct. Rep. 929; *Hancock* v. *Holbrook*, 119 U. S. 586, 7 Sup. Ct. Rep. 341.   The removal in the present case cannot, therefore, be sustained under subdivision 3, § 639, Rev. St., as construed in these decisions, even assuming that said subsection 3 remains unrepealed by the act of March 3, 1887.   Said subdivision was held not to be repealed by the act of 1875, because that act made no provision for removals on account of local prejudice.   *Hess* v. *Reynolds*, 113 U. S. 73–80, 5 Sup. Ct. Rep. 377; *Railroad Co.* v. *Bates*, 119 U. S. 464, 7 Sup. Ct. Rep. 285, and cases cited.   But this reason for holding said third subdivision of section 639 to be still in force under or after the act of 1875 is wanting in respect to the act of March 3, 1887, which not only provides for removals on the ground of prejudice or local influence, but in several important particulars so changes or modifies the prior law on that subject, that the two can hardly stand together.   The fourth clause of amended section 2 of the act of March 3, 1887, provides as follows:

"And where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant being such citizen of another state may remove such suit into the circuit court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that, from prejudice or local influence, he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the state, have the rights on account of such prejudice or local influence to remove said cause, provided that, if it further appear that said suit can be fully and justly determined as to the other defendants in the state court, without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said circuit court may direct the suit to be remanded, so far as it relates to such other defendants, to the state court, to be proceeded with therein."

The sixth section of the act of 1887, after repealing by express terms certain sections of the existing statutes, adds: "And all laws and parts of laws in conflict with the provisions of this act, be, and the same are hereby, repealed."  This not being the usual formula of a repealing clause intended to be universal, its effect and operation may properly be limited to a repeal or modification of prior laws only so far as the provisions of the last act are in conflict with or cover the subject of the former.   The supreme court stated and applied this rule in *Hess* v. *Reynolds*, 113 U. S. 73, 5 Sup. Ct. Rep. 377.   Applying this rule in the present case, and comparing subdivision 3 of section 639 with the

above-quoted fourth clause of amended section 2 of the act of March 3, 1887, it is clear that the provisions of the latter on the subject of removals on account of prejudice or local influence differ so essentially from those of the former that the two cannot stand together, and that, to the extent they conflict, the last act must be held to repeal or modify the former. The leading particulars in which the two acts differ (aside from the question whether a single defendant may remove, now under consideration) are the following, to-wit: The right to remove is no longer given to the plaintiff, but is confined exclusively to any defendant "being such citizen of another state." The application for removal was formerly addressed to the state; under the new act it must be applied for to the circuit court, which acts upon the application. No jurisdictional amount is designated or specified as a condition to the exercise of the right of removal, as was required by the former law. Under the act of 1867, subd. 3, § 639, there was no provision for the separation of the suit; under this last act there is such a provision. The ground of removal was formerly based upon what the petitioning party, or those supporting his petition by affidavit, "had reason to believe and did believe" as to the existence of prejudice or local influence, such as would prevent the removing party from obtaining justice in the state court; now the removal is effected "when it shall be made to appear to said circuit court" to which the removal is sought that "from prejudice or local influence he [defendant seeking removal] will not be able to obtain justice in the particular state court where the suit is pending, or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove the cause." These provisions of the act of March 3, 1887, clearly operate as a repeal of the third subdivision of section 639, Rev. St. They not only include new features and requirements in relation to removals because of local prejudice, but cover the whole subject-matter of said third subdivision so fully as to show that this last act was intended by congress as a repeal or a substitute for the earlier statute. The question being thus directly brought within the rule announced by the supreme court in *King* v. *Cornell*, 106 U. S. 396, 1 Sup. Ct. Rep. 312, that "where two acts are not in all respects repugnant, if the latter covers the whole subject of the earlier, and embraces other provisions which plainly show that it was a substitute for the first, it will operate as a repeal."

The removal in the present case cannot, therefore, be sustained under subdivision 3 of section 639, but must rest alone upon the fourth clause of amended section 2 of the act of March 3, 1887. Was the removal rightfully made under that clause? This presents the question whether a single defendant, being a citizen of a state other than that in which the suit is brought, who is jointly sued with other defendants, citizens of the same state as the plaintiff, may remove the suit to the circuit court upon making it appear to said court that on account of prejudice or local influence he cannot obtain justice in the state court or courts. Under former acts, as construed by the decisions above cited, all the material parties on one side of the suit having the requisite citizenship

and right of removal were required to unite in the petition therefor; but under this fourth clause of the second amended section of the act of 1887 it is provided that, where there is pending in any state court a "suit" in which there is "a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant being such citizen of another state may remove such suit into the circuit court of the United States, at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court," etc. The whole suit being removed by "any" defendant having the requisite citizenship, and on making the proper showing to the circuit court as to his inability to obtain justice in the local court on account of prejudice or local influence, "if it further appear [to said court] that said suit can be fully and justly determined, as to the other defendants, in state court, without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said court may direct the suit to be remanded, so far as relates to such other defendants, to the state court, to be proceeded with therein." This last paragraph of the clause clearly implies that there may be defendants to the suit, and even necessary parties, who are not entitled to remove the same; and it further contemplates and provides for a case in which the suit may be retained in the circuit court as against a single defendant, and, by the fair import of the language, such defendant must be the party who has effected the removal of the suit. The "other defendants" as to whom a separation may be had, and the suit remanded, under the conditions stated, cannot properly refer to the defendant at whose instance or on whose application the removal was made. If all the defendants to the suit, as under the act of 1867, are required to possess the requisite citizenship, and local prejudice must exist as to all and all must join in the petition for removal, before such removal can be properly allowed, what possible application, meaning, or effect can be given to this last paragraph of the clause? That construction of the clause would present this anomaly: that, after all the defendants had applied for and obtained a removal of the suit on account of local prejudice, the circuit court could still separate and remand the suit so far as it relates to some of said defendants, because, as to them, it appeared there was no local influence or prejudice. The right to remove the suit is given to "any defendant" being a citizen of the state other than that in which the suit is brought, when it is made to appear to the circuit court that "he" cannot obtain justice because of local influence or prejudice. By what rule of construction is the language "any defendant" to be interpreted as meaning "all" the defendants to the suit? The natural import of the words and the whole structure of the clause admit of no such interpretation, without doing violence to the language employed. In *Montclair* v. *Ramsdell*, 107 U. S. 147, 2 Sup. Ct. Rep. 391, it is said:

"It is the duty of the court to give effect, if possible, to every clause and word of the statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed.

We should assume that the legislature was aware, when the act of April 15, 1868, was passed, that a previous statute had expressly excepted Bloomfield township from all of its provisions. When, therefore, they declared that the new township should come under the operation of *any* act from which Bloomfield had been specially excepted by any proviso thereof, the established canons of statutory construction require us to presume that the legislature understood the full legal effect of such declaration."

It must be assumed that congress, in the enactment of this clause of the act, was aware of the fact that under the construction placed upon the prior removal acts (except perhaps the act of 1866) all the parties on the side seeking the removal were required not only to possess the requisite citizenship, but to join in the application for such removal. When, therefore, congress declared that "any defendant" being a citizen of another state might remove the suit upon making it appear that from prejudice or local influence he could not obtain justice, the well-settled rules of construction require the court to presume that the legislature understood and intended the full effect of such declaration, and meant not to confine the right of removal to all, but to extend it to "any" defendant, citizen of another state, who could make "it appear to said circuit court" that local influence or prejudice would prevent his obtaining justice in the local forum in a suit which involved a controversy between himself and the plaintiff therein. In so far as the act of 1887 copies old clauses or provisions of former statutes, it may properly be regarded as a legislative re-enactment of the meaning which the supreme court had given to such clauses; but in respect to new provisions, while they should, as far as possible, be interpreted so as to harmonize with the general scope of the act, and form a consistent whole, they are to be construed according to their plain and obvious meaning, if the language admits of no ambiguity. The last act must be taken as the law on the subject it embraced; and, "when the meaning is plain, the court cannot recur to the original statutes to see if errors were committed in revising them." *Iron Co* v. *Ashburn*, 118 U. S. 54, 6 Sup. Ct. Rep. 929. The clause under consideration is a distinct, separate, and independent provision referring to a class of cases not embraced in or covered by the three preceding clauses of amended section 2. By the first clause of said section the right of removal is given to "the defendant or defendants," without reference to his or their citizenship. By the second clause the removal may be had "by the defendant or defendants therein being non-residents of that state." The third clause simply copies clause 2, § 2, of the act of 1875, and relates to separable controversies in which one or more of the defendants actually interested therein may remove the suit to the circuit court. This third clause must manifestly receive the same construction heretofore placed upon it by the supreme court in numerous cases. The "defendant or defendants" on whom the rights of removal is conferred by the first and second clauses may include all the defendants, and require all to possess the right, and to unite in the application for removal. But when we come to the new provision of the fourth clause, the general terms indicative of all the parties entitled to remove are dropped or changed, and

the right of removal is given to "any defendant." The language of this clause is essentially different from that of subdivision 3 of section 639, which allowed the removal on the petition of the non-resident "plaintiff or defendant,"—terms which properly described all the parties on the one side or the other of the suit, and required all on the removing side to be in position to exercise the right, and to join in the petition. When thus compared with the old law, and the three preceding clauses of said amended section 2, it seems perfectly manifest that this new (fourth) clause was intended, as its language fairly imports, as an enlargement of the rights of removal, and enables "any defendant" being a citizen of another state, between whom and the resident plaintiff in a local suit there is "a controversy," to remove the "suit" by leave of the circuit court upon cause shown. It is true, as claimed by counsel for plaintiff, that the general intent and purpose of the act of 1887 was to restrict the jurisdiction of the federal courts, and such is the effect and operation of this new provision found in said clause 4 of amended section 2, so far as relates to the plaintiff; but, while this is so, there is clearly an enlargement of the right to remove in respect to defendants who can show that from prejudice or local influence he or they cannot obtain justice in the state court. It is argued by counsel for plaintiffs that, inasmuch as this court could not have taken original jurisdiction of this case, it cannot acquire such jurisdiction by removal at the instance of one defendant in the suit. This position is fully met and answered in the case of *Gaines* v. *Fuentes*, 92 U. S. 10, where it was held that "the act of congress of March 2, 1867, in authorizing and requiring the removal to the circuit court of the United States of a suit pending or afterwards brought in any state court involving a controversy between a citizen of the state where the suit is brought and a citizen of another state, thereby invests the circuit court with jurisdiction to pass upon and determine the controversy when the removal is made, though that court could not have taken original cognizance of the case." Nor is the further position assumed by plaintiffs' counsel, that this new clause gives the right of removal on account of· local prejudice only when there is a separable controversy between the defendant seeking the removal and the plaintiff in the state suit, well taken. The case of separable controversies is provided for by clause 3 of said amended section 2 just preceding the new provision under consideration found in clause 4. But aside from that, under previous removal acts, the local prejudice ground of removal, and the separable controversy clause, have never been treated or regarded as having any connection. Thus in *Jefferson* v. *Driver*, 117 U. S. 272, 6 Sup. Ct. Rep. 729, it was held that the provision for the removal of a separable controversy in subdivision 2 of section 639 had no application to removal under the third subdivision of said section relating to local prejudice. This was reaffirmed in *Iron Co.* v. *Ashburn*, 118 U. S. 54, 6 Sup. Ct. Rep. 929. In the new amendment to the act of 1875, embraced in clause 4 of amended section 2, it cannot properly be assumed that congress intended to change this line of decisions, and to make the removal provided for in said clause depend upon the existence of a separable controversy be-

tween the parties, as well as local prejudice. This construction would be to confuse two grounds or causes of removal heretofore kept distinct. and disconnected. Under the provisions of this fourth clause, the whole suit is first removed, and, if it then further appear to the court that as to the other defendants than the removing party the controversy involved may be separated, and without ı ejudice to any party, the suit may be severed and remanded, so far as it relates to such other defendant or defendants. The question whether there is a separable controversy as to some of the defendants is thus determined by the circuit court after the suit as a whole has been removed thereto by the defendant who makes the showing as to local prejudice, and asks for the transfer from the state court. This procedure is inconsistent with the idea that a separable controversy must actually exist and be shown before "any" defendant can be allowed to remove the suit.

It is next claimed for the plaintiff that the application for removal having been made after the suit was heard in the state court on the defendants' demurrer to plaintiff's petition, was too late, as the clause under consideration requires that the removal must be sought or may be had "at any time before the trial thereof." The suit was still pending when the removal was had; and "the trial" referred to in this clause should be construed as meaning the final trial. This was the conclusion reached by Judge DEADY in the case of *Fisk* v. *Henarie*, 32 Fed. Rep. 425–427, after a full and careful review of the authorities which fully sustain his construction. The cases cited and relied on by counsel for plaintiff arose under the second section of the act of 1875, and for the reason suggested by the court in *Hess* v. *Reynolds*, 113 U. S. 80, 5 Sup. Ct. Rep. 377, that "the hostile local influence may not become known or developed at an earlier stage of the proceedings," removals on account of local prejudice should be allowed the non-resident at any time before the (final) trial.

It was suggested on the argument of the questions presented by the pending motions, but has not been urged in the brief of counsel, that, under the grant of judicial power in the constitution, congress could not authorize the removal of a suit from the state court situated as this case is, at the instance of one non-resident defendant, and thus confer upon this court jurisdiction to try the suit, in which there was also a controversy between the plaintiff and other resident defendants. This precise question has not been directly decided by the supreme court. It was presented and argued by distinguished counsel in the *Sewing-Machine Case*, 18 Wall. 558, where the parties to the suit were situated substantially the same as in the present case, so far as their citizenship was concerned; but the supreme court did not pass upon it, the decision having rested upon the construction of the judiciary act and the act of March 2, 1867, both of which fall short of conferring upon the circuit court the full judicial power granted in and by the constitution. The clause in the constitution extending the judicial power to controversies "between citizens of different states," was intended to secure the citizen against local prejudice, which might injure him if compelled to litigate his controversy with another in the tribunals of a state not his own.

This object was the avowed purpose of the constitutional provision at the time of its adoption, and the supreme court so declared in *Gordon* v. *Longest*, 16 Pet. 104, where it is said that "one great object in the establishment of the courts of the United States and regulating their jurisdiction was to have a tribunal in each state, presumed to be free from local influence, and to which all who were non-residents or aliens might resort for legal redress." . For the attainment of this object congress could have vested the circuit court with original jurisdiction in cases like the present, although some of the defendants are residents of the same state with the plaintiff. A single federal purpose or ground of jurisdiction would be sufficient in the exercise of the constitutional power to confer such authority. This proposition is supported by the decisions of the supreme court touching the federal jurisdiction growing out of the subject-matter of the suit. Thus, in *Mayor* v. *Cooper*, 6 Wall. 247, it is said by the court: "Nor is it any objection that questions are involved which are not all of a federal character. If one of the latter exists, if there be a single such ingredient in the mass, it is sufficient." And, having assumed jurisdiction because of this single federal "ingredient," the court will proceed to decide all questions in the suit of a purely local character. So, under the second clause of section 2 of the act of 1875, providing for the removal of separable controversies of a federal character, the whole suit is transferred to the circuit court, although it may involve other questions and controversies of a purely local nature and belonging properly to the state courts in which the suit was brought. It results necessarily, from the supremacy of the federal constitution, and the laws passed by congress within the limits of the powers conferred, that a single federal object may control the question of jurisdiction, even when the suit includes or relates to other matters or parties which come properly within the local jurisdiction. This is clearly asserted in *Barney* v. *Latham*, 103 U. S. 20, and that decision sustained the constitutionality of the act of 1875, which, under the separable controversy clause, enabled one defendant to remove the whole suit. If a single defendant with a separable controversy may be given the right to remove the whole suit, which includes other matters of a local character, why may not a single defendant having the requisite citizenship be vested with the same right, although joined with resident defendants, when it is made to appear to the court that from prejudice or local influence he cannot obtain justice? The federal judicial power extends as well to one case as the other, and it rests in the legislative discretion of congress to say when and under what circumstances and conditions it shall be exercised. It would be strange, indeed, if, having the power to confer original jurisdiction in cases like the present, congress could not lawfully give the right of removal. The statement of the court in *Gaines* v. *Fuentes*, 92 U. S. 10, that "in cases where the judicial power of the United States can be applied only because they involve controversies between citizens of different states, it rests with congress to determine at what time and upon what conditions the power may be involved, whether originally in the federal court or after suit is brought in the state court; and, in the latter

case, in what stage of the proceedings, whether before issue or trial by removal to a federal court, or after judgment upon appeal or writ of error,"—seems to leave little or no room to doubt the power of congress to authorize the removal in the present case. The argument in favor of the power was never more forcibly and conclusively presented than by counsel for plaintiff in error in the *Sewing-Machine Case,* 18 Wall. 558–562. In *Fisk* v. *Henarie,* 32 Fed. Rep. 425, Judge DEADY considered and discussed this question with his usual ability and clearness, reaching the conclusion that this new legislation was clearly within the grant of judicial power conferred upon congress in and by the constitution. This court, after carefully re-examining the question, has no doubt that cases like the present are within the judicial power of the United States, and that by this new legislation upon the subject of removals because of local prejudice congress intended to call such power into exercise, and allow "any defendant" possessing the requisite citizenship, and making the required showing as to local prejudice or influence, to have the suit removed to the circuit court. The demand sought to be enforced in such suit may be joint against two or more defendants, one of whom is a citizen of the state of the plaintiff and of the forum, while the other, being a citizen of a different state, comes within the range of the federal judicial power. In such cases, though jointly sued with resident defendants, there is still a controversy between such non-resident defendants and the resident plaintiff, which the federal judiciary can lay hold of and determine, although it may be so associated or connected with other local issues and matters as to require their decision also. The single federal "ingredient" involved in such a controversy between citizens of different states comes within the grant of federal judicial power which congress may make effective and operative by legislation in such mode and under such conditions as may be deemed expedient. The object which the constitutional grant of power was intended to secure was to protect the non-resident citizen against local prejudices which might injure or do him injustice. That object cannot be attained if non-resident defendants, all or any, are compelled to litigate in the forum of the plaintiff, where there exists local influence or prejudice which would prevent such defendant from obtaining justice. In every suit there is "a controversy" between the plaintiff and each of the defendants against whom relief is sought, or where, as the result of a judgment against him, any defendant is compelled to render something in favor of the plaintiff which is controverted or disputed by such defendant.

It is further contended that no proper proceedings have been had or taken by the defendant, even conceding its right of removal, to effect such removal. By the third section of the act of 1887 the steps required to be taken in removal cases generally are indicated, but that section excepts from its operation cases sought to be removed on the ground of local prejudice, in respect to which clause 4 of amended section 2 prescribes no mode or method of effecting that class of removals. What procedure may, then, be adopted by the party seeking or entitled to remove under this clause? In conferring the right congress certainly in-

tended that some process for its exercise should be within the reach of the party so entitled. We think the method or procedure for effectuating the right so conferred by said clause may be found in the two paragraphs of section 639, Rev. St., which succeed the third subdivision of said section. These two paragraphs prescribing the method of accomplishing removals are not in conflict with the act of 1887, and may therefore be considered as still in force, and as furnishing the proper and appropriate remedy to be employed by the party seeking a removal, and in making it "appear to said circuit court that from prejudice or local influence" he will not be able to obtain justice in the state courts. It is not indicated, in the act of 1887, how, or in what manner, the fact that the removing party cannot obtain justice in the local courts on account of such prejudice or local influence shall be made "to appear" to the circuit court. Judge DEADY, in *Fisk* v. *Henarie*, 32 Fed. Rep. 417–421, (Nov. 29, 1887,) held that the last clause of section 639, Rev. St., which immediately follows subdivision 3 of said section, might reasonably be looked to as furnishing the machinery for making it "appear" to the circuit court that the petitioning party could not obtain justice in the state court because of prejudice or local influence. If this suggestion of that learned judge, in which I concur, is not deemed correct, then, in the absence of all provision as to the method or mode of presenting the application for removal, this court would be left free to adopt proper and suitable rules, prescribing and regulating the practice in such cases; and such rules would naturally be made to conform to the practice and procedure heretofore in force in like cases. In either view of the subject, we think the mode adopted by the defendant in this case is not open to any serious objection. A formal petition, properly sworn to, was duly presented to this court, setting forth all the conditions required by the act to entitle said defendant to remove the suit. This petition was accompanied and supported by the affidavit of the proper officer of the defendant company, stating, not what the affiant had reason to and did believe in respect to the existence of local prejudice, but in direct terms, and in the very language of the act, "that from prejudice and local influence said railroad company will not be able to obtain justice in said courts of common pleas, or in any other state court to which it has, under the laws of the state of Ohio, a right, on account of such prejudice or local influence, to remove said cause," etc. This made a *prima facie* showing as to what was required "to be made to appear to the circuit court."

But it is insisted on behalf of plaintiff that this is not a sufficient showing to warrant this court in declaring that said defendant was entitled to remove the suit, and in assuming jurisdiction thereof. His counsel claim that the fact of prejudice or local influence which must be made "to appear" to the circuit court as one of the conditions on which the right of removal depends, involves a judicial investigation; that there can be no *ex parte* action in the matter; and that in such cases the plaintiff is entitled to notice of the application, and an opportunity to contest and put in issue the grounds on which the removal is sought. In

other words, that he has the right under said provision of the act to make up an issue on the question of prejudice or local influence, and have this court formally try that issue before determining whether it will sanction the removal and assume jurisdiction. The plaintiff, as a part of his motion to remand, denies the existence of such prejudice or local influence, and demands a trial of that issue. If he is entitled to have such a preliminary trial, his motion to remand would, of course, have to await the result of that investigation, unless other grounds exist on which to rest the motion. It is conceded by counsel for plaintiff that by the old law and the practice under it the state courts to which applications for removal were addressed never entered or were authorized to enter upon such an investigation as he herein demands of this court, before taking action thereon. Under the third subdivision of section 639, Rev. St., based on the act of March 2, 1867, amending the act of July 27, 1866, the general statement made in the affidavit of the petitioners was considered sufficient, without any detailed setting forth of the facts which constituted the reasons of his belief. He was not required to prove these statements as facts, or affirmatively to show, except by the affidavit, that he could not obtain justice in the state court. It was always held to be enough if, under oath, he stated the reasons which the statute assigned as the ground for the removal. *Bowen* v. *Chase*, 7 Blatchf. 255. A party may always, in proper way and time, put in issue jurisdictional facts, such as the citizenship of the opposing side, and rightfully demand a trial thereon; but statutory requirements, which form a part, even an indispensable part, of the process of removing a suit from state to federal courts, in any or all of the cases mentioned in the last or former acts of congress, while they must be complied with in order to perfect the right to remove, are not to be confounded with jurisdictional facts on which a trial by proper pleadings may be demanded. The right to removal depends upon the statute giving the authority therefor, and not upon the legislation which defines the original jurisdiction of the circuit courts of the United States, and should not therefore be restricted or limited by the latter legislation. *Green* v. *Custard*, 23 How. 484, and *Bushnell* v. *Kennedy*, 9 Wall. 387.

In conferring upon the circuit court of the United States the authority to act upon the application for removal of suits from state courts, congress certainly never intended to make the question as to the existence or non-existence of prejudice or local influence, which would prevent a nonresident citizen defendant from obtaining justice in the local courts, a jurisdictional fact, such as would entitle the side opposing the removal to dispute its truth, and put the matter in issue for formal trial. The requirement of the statute that, under certain conditions therein stated, a party defendant may have the suit removed to this court "when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court," constitutes nothing more than a part of the process of removing the suit. Steps forming a part of such process of removal under no previous statute were ever regarded as issuable; and the subject-matter of a preliminary trial,

before the application for removal, could be properly acted upon. The distinction between jurisdictional facts, properly speaking, which may be made the subject of issue or trial, and model and formal requirements to the exercise of the right of removal, is clearly pointed out by Mr. Justice BRADLEY, speaking for the court, in *Ayers v. Watson*, 113 U. S. 597, 598, 5 Sup. Ct. Rep. 641. Model requirements and conditions prescribed by statute in order to exercise the right of removal may be waived, but jurisdictional facts proper cannot be. *French v. Hay*, 22 Wall. 238; *Ayers v. Watson*, 113 U. S. 594, 5 Sup. Ct. Rep. 641; *Railroad Co. v. Hart*, 114 U. S. 654, 5 Sup. Ct. Rep. 1127; *Railroad Removal Cases*, 115 U. S. 1, 5 Sup. Ct. Rep. 1113. The construction which plaintiffs' counsel contend should be placed upon this provision of the act would be a radical departure from the judicial legislation of congress since the foundation of the government and of the practice thereunder, and would involve on the part of this court the exercise of the most unseemly and indelicate functions and duties, which could not fail to excite jealousies, and create hostilities against the federal judiciary, and disturb that comity and respectful consideration which should ever exist between the courts of the United States. It is urged by plaintiffs' counsel that the provision for removing the suit, "when it shall be made to appear to said circuit court," are new words not previously used in any statute on this subject, and should be interpreted according to their common and usual signification; being evidently employed for the purpose (as contended) of requiring a finding by the court upon evidence taken according to the form of law, and in such manner that both sides can be heard. This position, which is only a restatement of the proposition already noticed, assumes that the question of local prejudice and the right to remove the suit therefor is a proceeding between the parties to the action; that the right of removal involves a matter of controversy between the plaintiff and the defendant seeking such removal. This assumption is not well founded; neither is it correct, as claimed, that the words, "when it shall be made to appear to said circuit court," are so new and different from those previously employed in the legislation of congress on the subject of removals, as to indicate an intention to completely change the method and practice in effecting removals.

The twelfth section of the judiciary act of 1789 provided that "if a suit be commenced in a state court against an alien or by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the aforesaid sum of $500, exclusive of costs, to be made to appear to the satisfaction of the court," the defendant party might, on entering his appearance, and by the process specified in the section, cause the suit to be removed "for trial to the next circuit court to be held in the district where the suit is pending." While this section was in force, Longest sued Gordon in the state court of Kentucky. On entering his appearance, the defendant filed his petition to remove the cause to the circuit court of the United States for the district of Kentucky, on the ground that he was a citizen of Pennsylvania and the plaintiff a citizen of Kentucky. The citizenship of the parties, as alleged,

was admitted; but the plaintiff resisted the removal, and the state court refused to allow it on the ground that "it did not appear to its satisfaction that the amount in controversy exceeded $500 exclusive of costs." The supreme court of the United States, in *Gordon* v. *Longest*, 16 Pet. 97, held this action of the state court was erroneous. The plaintiff, in his declaration or petition, having laid his damages at $1,000, the state court could not properly go into a consideration of the amount involved in order to be satisfied that it exceeded $500 before allowing the prayer of the petition for removal. Again, by section 643, Rev. St., embodying parts of acts of congress enacted in 1833, 1866, and 1871, relating to the removal of civil suits or criminal prosecutions commenced in state courts against revenue officers of the United States, or against officers acting under the authority of federal election laws, it is provided, among other things, (paragraph 7,) that if, upon the removal of such suit or prosecution, "it is made to appear to the circuit court" that no copy of the record and proceedings therein in the state court can be obtained, the circuit court may allow and require the plaintiff to proceed *de novo*, etc. It would hardly be asserted that before the circuit court could require the plaintiff to proceed *de novo* under this provision of the statutes, that it would be compelled to enter upon a formal investigation or trial of the question whether a copy of the state record could be obtained. Under this section the circuit court to which the defendant seeking the removal presents his petition in the first instance, decides every question relating to the sufficiency of the petition, affidavit, and accompanying certificate, and its own jurisdiction in the matter. *Dennistoun* v. *Draper*, 5 Blatchf. 336. And if the petition, upon its face, shows a case within the terms of the section, the suit or prosecution is *ipso facto* removed into the circuit court, and the jurisdiction of the state court is at an end. It may be remarked in passing, that this section, whose constitutionality was upheld in *Tennessee* v. *Davis*, 100 U. S. 257, applied both to civil and criminal cases, and included any case that comes within its terms, without reference to the amount in dispute, if the suit be of a civil nature. *Wood* v. *Matthews*, 2 Blatchf. 370. And the suit or prosecution, when actually removed from the state court by the defendant's officer, goes as a whole to the circuit court, with all the parties thereto. *Fisk* v. *Railroad Co.*, 6 Blatchf. 362. It will be noticed that the fourth clause of the second amended section of the act of 1887 has several features in common with this section of the Revised Statutes. But again, by section 5 of the act of March 3, 1875, it is provided "that if, in any suit commenced in the circuit court, or removed from a state court to a circuit court, of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court," etc., it shall proceed no further therein, but shall dismiss or remand the same. Here the language is, "if it shall appear to the satisfaction of said circuit court" that certain jurisdictional facts are wanting, the court is required to proceed no further; but these terms were never held to

impose upon the court the duty of trying any or all collateral facts or issues that could possibly be raised touching the steps or proceedings had in effecting removals, which fell short of the question of its actual jurisdiction.

By the fourth clause of amended section 2 of the act of 1887 the removal is to be had "when it shall be made to appear to said circuit court" that such prejudice or local influence exists in the state court or courts as will prevent the petitioning defendant, being a citizen of a state other than that in which the suit is brought, from obtaining justice. This certainly does not properly involve or require the investigation and judicial establishment of a fact which the plaintiff in the suit is given the right to controvert. The statute makes no provision for giving notice to the plaintiff of the application to remove, and the petitioning party has not heretofore been required, either by the statute or the practice of the courts, to which petitions for removal were addressed, to give any notice to the adverse party of his application for such removal of a suit from the state court. *Wehl* v. *Wald*, 17 Blatchf. 342, and *Stevens* v. *Richardson*, 9 Fed. Rep. 194, where it is said by Judge BLATCHFORD that "it has always been held in this court that no notice [of the application for removal] was necessary;" citing *Fisk* v *Railroad Co.*, 8 Blatchf. 243. No notice of the application for removal being required, it results necessarily that the court which acts upon such application must proceed upon the *ex parte prima facie* showing made by the petition and affidavit accompanying the same, leaving to the adverse party the right to question by proper plea in the circuit court the strictly jurisdictional facts presented in the application. *Barry* v. *Edmunds*, 116 U. S. 559, 6 Sup. Ct. Rep. 501, relied on by the plaintiff's counsel, is not in conflict with these propositions. In that case the court does recognize that the jurisdictional facts embraced in section 5 of the act of 1875 may, by proper pleading, and at the proper time, be put in issue, and a trial had thereon. That section created certain new jurisdictional facts proper on which issue could be taken by the adverse party. But no such effect can be given to the requirement of the present law in designating the time and mode of effecting the removal.

Under this act of 1887 the circuit court is invested with the authority heretofore conferred upon and exercised by the state courts in acting upon applications for removal, and has imposed upon it the further authority of directing the suit to be remanded so far as relates to defendants other than the one applying for the removal, "when it appears" to said court that said suit can be fully and justly determined as to such other defendants in the state court, without being affected by local prejudice, and no party to the suit will be prejudiced by a separation of the parties. Can it, with any show of propriety or reason, be asserted that this proviso to the fourth clause of said section contemplates a further or additional trial *inter partes* of the question whether such separation of the parties shall be directed, and the suit remanded as to some of the defendants and retained as to others? This language of the proviso, "if it further appear," (to said circuit court,) indicates a judicial investigation

and finding, just as much as the words used in the first part of the clause, "when it shall be made to appear to said circuit court." The one no more implies a proceeding between the parties than the other; and it was clearly not the intention of congress to require a preliminary trial of the question as to separating the parties and remanding the suit, so far as relates to some of the defendants, while retaining it as to others. Such a practice would involve innumerable collateral issues, and lead to inextricable confusion in the due and orderly administration and disposition of the business of the court.

The conclusions of the court on the whole case are that the removal was rightfully and properly made under the act of 1887; that plaintiff's application to be allowed to put in issue and have a trial upon the allegations of the defendants' petition, as to the existence of prejudice or local influence in the state courts, should be denied; and that his motion to remand should be refused. It is accordingly so ordered, with costs, and the suit will proceed in this court.

WELKER, J., concurs.