## PARKS v. SOUTHERN RY. CO.

(Circuit Court, W. D. North Carolina. October 19, 1898.)

REMOVAL OF CAUSES—LOCAL PREJUDICE—DISCRETION OF COURT.

After the expiration of the term at which an order for removal was made by the circuit court on the ground of local prejudice, such order cannot be reviewed on a motion to remand on the ground that the evidence on which it was based was insufficient.

On Motion to Remand.

D. Schenck, Jr., for plaintiff.
Charles Price, for defendant.

SIMONTON, Circuit Judge.  Alice Parks, administratrix of Frank Parks, instituted a suit against the Southern Railway Company in the superior court of Wilkes county, N. C.   Thereupon the defendant filed in this court its petition to remove the cause because of prejudice and local influence.   The affidavit not only swears to the fact of prejudice and local influence, but it also gives facts as the reasons for the affidavit.   This circuit court of the United States, hearing the petition and affidavit, made the following order:

"It appearing to the court from the petition filed in this cause, which petition has been duly sworn to as an affidavit, and also from an affidavit in the cause, that from prejudice or local influence the Southern Railway Company will not be able to obtain justice in the superior court of Wilkes county, in the state of North Carolina, or any other state court to which the said petitioners would or could, under the laws of the state of North Carolina, have the right, on account of such prejudice or local influence, to remove this cause, and that as this local prejudice does exist, they are therefore entitled to have the removal which they seek, it is accordingly ordered that this cause be, and the same is hereby, removed from the superior court of Wilkes county to this court, at Greensboro. That, the bond offered by the petitioner being examined and approved, the clerk of the superior court of Wilkes county is hereby ordered to send a transcript of the record in this cause to the said circuit court, to the October term, 1898, at Greensboro."

A motion is made at this term to remand the cause because of the insufficiency of the affidavit.   This case varies from that of Crotts v. Railway Co. (just decided) 90 Fed. 1, in that the facts are stated upon which the affidavit is based.   The sufficiency of these facts to sustain the affidavit was within the discretion of the court granting the order.   It cannot be reviewed here.   The learned counsel for plaintiff with eloquence appealed to the court not to cast a slur on the people or the courts of North Carolina by refusing to remand the cause for their decision.   No such question exists to embarrass the court.   "The prejudice and local influence mentioned in the statute is not merely a prejudice or influence primarily existing against the party seeking a removal.   It includes as well that prejudice in favor of his adversary which may arise from the fact that he is long resident and favorably known in the community.   *  *  *   And this implication is no unusual reflection on any particular community or persons.   On the contrary, it is such a well understood and recognized frailty of human nature that jurisdiction of controversies between citizens of different states was expressly given by the constitution to the national government, and this not only as a means of doing justice, but of facilitating trade and intercourse between the people of the several states, which the constitution, more than for any other purpose, was formed to protect and promote."   Neale v. Foster, 31 Fed. 53.   The motion to remand is refused.