HOLMES v. SOUTHERN RY. CO. et al.

(Circuit Court, W. D. North Carolina. September 29, 1903.)

1. REMOVAL OF CAUSES—PREJUDICE AND LOCAL INFLUENCE.

Section 2 of the judiciary act of 1887–88 (Act March 3, 1887, c. 373, 24 Stat. 553, Act Aug. 13, 1888, c. 866, § 2, 25 Stat. 434 [U. S. Comp. St. 1901; p. 509]), authorizes the removal of a cause on the ground of prejudice or local influence by any one defendant who is a citizen of another state, although joined with another defendant who is a citizen of the same state with plaintiff, and although there is no separable controversy.

On Motion to Remand to State Court.

Smith & Valentine (Stanyarne Wilson, on the brief), for the motion.

Moore & Rollins, opposed.

SIMONTON, Circuit Judge. The action in this case was brought in the superior court of Henderson county, and service was had on the defendants. On 18th March, 1903, the Southern Railway, one of the defendants, filed its petition in the Circuit Court of the United States at Asheville, praying the removal of the cause into the said Circuit Court on the ground of prejudice and local influence. Hearing the petition, the court granted the order, and the cause was thereupon removed into this court, the order bearing date 30th March, 1903. In September, 1903, the plaintiff gave notice of a motion to remand the cause, which motion came on to be heard on 25th September. The ground upon which the motion is based is that it appears by the record that the Asheville & Spartanburg Railway Company, one of the defendants, is a corporation of the state of North Carolina, of which state the plaintiff is a citizen and resident; that, there being thus citizens of the same state on both sides of the record, the cause cannot properly be in this court, and must be remanded. It will be noticed that the order removing the cause issued out of the Circuit Court of the United States. It may well be doubted if the order can now be reviewed and revised by another judge sitting in court or at chambers. Crotts v. Southern Ry. Co. (C. C.) 90 Fed. 1; Parks v. Southern Ry. Co. (C. C.) 90 Fed. 3. The order, however, was based on an application ex parte, and was based upon the ground of local prejudice. The present motion takes no issue on this ground. It calls the attention of the court to the want of diversity of citizenship, and on that ground practically challenges the jurisdiction of the court. Besides this, under the removal act (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508]), if at any time it appears to the court that it is without jurisdiction of a cause, it must forthwith remand it. Ayres v. Wiswell, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693. Under the law as it formerly stood there could be no removal of a cause from the state court to the federal court unless all the necessary parties on one side are citizens of different states from those on the

¶ 1. Prejudice or local influence as ground for removal of cause to federal court, see note to P. Schwenk & Co. v. Strang, 8 C. C. A. 95.

See Removal of Causes, vol. 42, Cent. Dig. § 123.

other.　Myers v. Swann, 107 U. S. 546, 2 Sup. Ct. 685, 27 L. Ed. 583; Am. Bible Society v. Price, 110 U. S. 61, 3 Sup. Ct. 440, 28 L. Ed. 70; Cambria Iron Co. v. Ashburn, 118 U. S. 54, 6 Sup. Ct. 929, 30 L. Ed. 60; Rosenthal v. Coates, 148 U. S. 142, 13 Sup. Ct. 576, 37 L. Ed. 399.　It is manifest, however, that this rule did not effect the end proposed in the removal of causes.　Congress sought to secure to the citizen of another state that impartial trial and unbiased verdict which possibly he could not obtain in the state courts by reason of local in-- fluence or prejudice.　To this end he could remove his cause to the federal court.　But if his right to remove was defeated by the fact that the plaintiff has associated with him as defendant a citizen of the plaintiff's state, and he should be forced to trial in the state court not- withstanding the local prejudice or influence, not only would he be put at great disadvantage, and exposed to wrong, but his codefendant, by reason of his association, might also be damnified.　So, when Act March 3, 1887, c. 373, 24 Stat. 552, corrected in Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], was passed, amend- ing the law in important particulars, Congress, evidently seeing this imperfection, provided that any defendant could have his cause re- moved from a state court if he could satisfy the Circuit Court of the United States that prejudice or local influence existed against him. Now, this act repeals and supersedes all existing acts on that subject. 18 Enc. Pleading & Practice 242, tit. "Removal of Causes," and cases quoted.　The same authority asserts that, although one of the Circuit Courts (in Eighth Circuit) holds that, notwithstanding this act of 1887, the law has not been changed, according to the weight of authority any one defendant being the citizen of a state other than that in which the suit is brought, who is jointly sued with other defendants citizens of the same state with the plaintiff, may remove the suit for prejudice or local influence, even though there is no separable controversy be- tween the plaintiff and the removing defendant.　Very many cases are quoted sustaining this statement.　The question has never been passed upon by the Supreme Court of the United States.　In the ab- sence of a decision from this authoritative court, the conclusion reached by Judge Dillon in his well-known and learned work on the Removal of Causes can well commend itself.　At section 48, in the fifth edition of his work, Judge Dillon says:

"In regard to the parties entitled to remove a cause on the ground of preju- dice or local influence the act of 1887 is in one respect much stricter than was the statute of 1867 [Act March 2, 1867, c. 196, 14 Stat. 558]; for the last- named act extended the right to the nonresident party whether he be plaintiff or defendant.　The new law confines it to the nonresident defendant only, in pursuance of the general policy of denying the right of removal to plain- tiffs altogether.　But in another respect the act of 1887 is much more liberal than its predecessor; for whereas the law of 1867 required that in cases where there were several defendants all must possess the requisite citizen- ship (that is, none of them must be citizens of the same state with the plain- tiff), and all must join in a petition to remove the cause on the ground of local prejudice, now the act of 1887 extends the right to any defendant pos- sessing the requisite citizenship.　'Nor can the right of removal thus given to any defendant having the prescribed citizenship, with any respect for the ordinary significance of language, be construed to include all the defendants and so be denied to any unless all have such citizenship.'　Deady, J., in Fisk v. Henarie (C. C.) 32 Fed. 417."

It follows, of course, from this that the nonresident defendant may remove the cause on this ground, irrespective of the action of his codefendants, and it is not necessary that all should join. It is further to be remarked that the right of removal under this clause is not confined to cases where there is a separable controversy between the plaintiff and the defendant seeking the removal, as such cases are provided for by clause 3 of section 2 of the act and the proviso in clause 4 (24 Stat. 553 [U. S. Comp. St. 1901, p. 509]) in relation to remanding as to resident defendants when the parties can be separated refers only to a remand after the suit has been removed by the nonresident defendant.

It has been also held (and, we think, rightly) that the provision for a removal by any defendant on the ground of local prejudice is not unconstitutional, although by virtue of the removal the Circuit Court obtains jurisdiction of the entire case, which may include controversies between the plaintiff and other defendants who are citizens of the same state with him. Whelan v. R. Co. (C. C.) 35 Fed. 849; Fisk v. Henarie (C. C.) 32 Fed. 417. Nothing need be added to this reasoning.

The motion to remand is refused.