BARTLETT v. GATES et al.

GATES et al. v. BARTLETT et al.

(Circuit Court, D. Colorado.   October 2, 1902.)

No. 4,331.

1. CORPORATIONS—STOCKHOLDERS' MEETING FOR ELECTION OF DIRECTORS—
   WHEN WILL BE CALLED BY COURT AND MASTER IN CHANCERY APPOINTED
   TO CONDUCT IT.

   The directors and officers of the corporation, for the purpose of pre-
   venting a stockholders' meeting for the election of directors for the cor-
   poration at the time appointed by law, and of perpetuating themselves
   in office, intentionally refused to give the notice of such meeting re-
   quired by law, and repealed and enacted by-laws to aid them in their
   illegal purpose, and availed themselves of an injunction, based on their
   own illegal action, enjoining the holding of such meeting or any substi-
   tute therefor.  Thereupon the stockholders, who were the real defendants
   in the original bill, filed a cross-bill praying for a modification of the in-
   junction, so as to permit, upon due notice, the holding of a stockholders'
   meeting for the election of directors at a time to be fixed by the court,
   and for the appointment of a master in chancery to take the charge,
   control, and direction of such meeting.  It clearly appeared that the at-
   titude of the directors and officers of the corporation toward the stock-
   holders who desired to displace them was such as to preclude the pos-
   sibility of the holding of an election for directors under their authority
   and control, which had been enlarged and extended by by-laws recently
   enacted for that purpose, which would be conducted in a fair, orderly,
   and legal manner.  Held, that the injunction issued on the original bill
   should be modified, so as to admit, upon due notice, of the holding of the
   stockholders' meeting for the election of directors at a time to be ap-
   pointed by the court, and that such meeting and election should be held
   under the supervision and control of the master in chancery appointed
   by the court for that purpose.

See 117 Fed. 362.

Wolcott, Vaile & Waterman and W. B. Hornblower, for cross-com-
plainants.

D. C. Beaman, C. J. Hughes, Jr., Cass E. Herrington, J. M. Wal-
dron, and A. M. Stevenson, for cross-respondents.

CALDWELL, Circuit Judge.   I have only had time to make a
very brief statement of some of the leading facts in the case and state
my conclusions thereon, which, after the learned and exhaustive argu-
ments of counsel, I feel that I can do with some confidence that I have
a clear understanding of the case and the issues involved.

The Colorado Fuel & Iron Company is a Colorado corporation,
having an authorized capital stock of $40,000,000, of which about
$26,000,000 has been issued in shares of $100 each.   More than 10
years ago the corporation caused its stock to be regularly listed on
the New York Stock Exchange, where it has been extensively dealt
in for many years.   In compliance with the rules and regulations of
the exchange, the corporation constituted and appointed the Knick-
erbocker Trust Company of New York City its transfer agent, and
the Atlantic Trust Company its registrar, in that city.   From the time
the stock was listed on the New York exchange, the Knickerbocker
Trust Company, as the authorized transfer agent of the corporation,

kept a list of the names of members of the corporation, showing the post-office address of each stockholder, and, being furnished by the secretary of the corporation with notices signed by him of stockholders' meeting, mailed one of such notices to each stockholder at his post-office address. For 10 years the annual meeting of the stockholders for the election of directors of the company was held at the time fixed by the by-law of the company, in pursuance to such notices and the 10-days notice given by the secretary of the company by publication in a newspaper, as required by law. During all that time no question was ever raised as to the legal sufficiency of the notice given of the stockholders' meetings, or of the regularity or validity of the meetings held in pursuance thereof. There is no doubt of the regularity and validity of such meetings. The annual meeting of the stockholders for the election of a board of directors and the transaction of other business was by a by-law of the corporation required to be held on the 20th day of August, 1902, at the company's office in the city of Denver. In apt time the corporation furnished the transfer agent in New York City with notices to be mailed to the several stockholders of the annual meeting to take place on the day named. The notices were in this form:

"The Colorado Fuel and Iron Company, Denver, Colorado.

"Notice.

"July 21, 1902.

"The annual meeting of the stockholders of the Colorado Fuel & Iron Company for the election of directors and transaction of general business will be held at the office of the company, Boston Building, Denver, Colorado, on Wednesday, August 20th, 1902, at 3 o'clock p. m.

"D. C. Beaman, Secretary.

"If you cannot attend this meeting, please sign the inclosed proxy, and return to S. I. Heyn, Assistant Secretary, Denver, Colorado."

One of these notices was by the transfer agent mailed to each stockholder at his post-office address. Shortly after this was done, the fact was developed that there was a division of opinion among the stockholders as to the proper persons to be chosen for directors at the coming annual meeting; and at the same time it was asserted by those stockholders who favored a change of directors and management of the company that they represented, either as owners or holders of proxies, four-fifths of the stock of the company. Believing or fearing this claim was well founded, the stockholders and directors of the company opposed to any change began immediately to concert measures to prevent the holding of the annual meeting of stockholders for the election of directors on the day fixed therefor by the by-laws. Some of the means resorted to to accomplish this end may be briefly noticed.

A statute of the state provides:

"Public notice of the time and place of holding such elections, and also of all general or special meetings, shall be published not less than ten days previous thereto in a newspaper published in or nearest to the place in which the principal office of the company shall be kept, as specified in its articles of incorporation." Mills' Ann. St. § 481, as amended by Laws 1895, p. 150.

The duty of publishing this notice is devolved on the secretary of the corporation. The secretary of the company, who sustained to it

the triple relation of director, secretary, and general attorney, refused to obey the command of this statute, and, disregarding his legal duty in the premises, intentionally refused to publish the required notice of stockholders' meeting, for the purpose of preventing the holding of such meeting. That this was his purpose is confessed. The motives for such action are not material in the eye of the law, and, whatever they may have been, they cannot condone its illegality. Undoubtedly, in view of the triple relation the secretary sustained to this company, his action had the sanction and approval of the other directors of the corporation. With the obvious purpose of embarrassing the stockholders opposed to them in the struggle for the control of the corporation, the board of directors hurriedly passed and as hurriedly repealed a by-law, and repealed several by-laws which had been in force a long time, and passed others in their stead. Finally, on the day fixed for holding a meeting, and only an hour or two before the hour fixed for the meeting, the original bill in this case was filed, and, without notice to any one, an ex parte injunction was issued thereon enjoining the directors and stockholders of the corporation from holding the meeting, in these terms:

"You and each and every of you, your agents, servants, attorneys, proxies, substitutes, employés, or representatives, and any and all persons acting by, through, or under or in behalf of you or either of you; and any and all persons claiming to represent as substitutes or proxies any of the stockholders of the defendant the Colorado Fuel & Iron Company, and all stockholders of the defendant the Colorado Fuel & Iron Company, that you absolutely refrain and desist from holding or participating in any meeting of the stockholders in the defendant the Colorado Fuel & Iron Company on the 20th day of August, 1902, or any adjournment thereof or substitute therefor, and also from voting or attempting to vote any stock owned or controlled or claimed to be owned or controlled by the defendants in this action, or either or any of them, or by any stockholders of the defendant the Colorado Fuel & Iron Company, at the stockholders' annual meeting for the year 1902, on the 20th day of August, 1902, or at any other time, until the further order of the court, for any other purpose whatsoever than to adjourn said meeting."

This injunction was served at the moment of the meeting of the stockholders, and immediately after its service the chairman of the board of directors, presiding, declared the same adjourned without day, and refused to entertain a motion to adjourn the meeting to some future day in order to afford the stockholders an opportunity to apply to the court for a dissolution or modification of the injunction. The application for the injunction and its issue and service were so timed as to make it as effectual for all practical purposes as a final decree.

The original bill sets up the following among other grounds for the injunction:

"The plaintiff further alleges that no notice of the stockholders' meeting for the 20th day of August, 1902, or for the annual meeting of 1902, or for any other time, has been published in any paper in the city of Denver, in the state of Colorado, or in the county of Arapahoe, in said state, or elsewhere, and that such failure to publish said notice is contrary to the by-laws of the defendant corporation and the statutes of the state of Colorado in that behalf, and that there is no right of authority for the holding of said meeting on the said 20th day of August, 1902, or at any other time, without giving the notice required by the by-laws of said company and the laws of the said state. And the plaintiff further alleges that, as a result of the contentions of the opposing factions in the directory of said company, it is

impossible for the plaintiff, or any other of the stockholders of the company who are in harmony with the plaintiff, to ascertain who has a right to vote at the annual meeting for the year 1902, and that as a result of such controversies and contentions between the opposing factions in the directory of said company it will be impossible for the contending factions to agree as to who has a right to vote at said stockholders' meetings, and the result of the contentions between opposing forces will, as plaintiff verily believes, result in the election of two separate and distinct boards of directors for said corporation for the ensuing year, each of which boards will claim to have been lawfully and properly elected as directors of said company, and each will contend and claim to be directors of said company. And plaintiff further alleges that as the result of said controversies many persons who are stockholders in defendant company may, and probably will, be prevented from voting at the annual meeting for 1902, provided in the by-laws to be held August 20, 1902. And the plaintiff further alleges that each faction in the directory of said company threaten that, unless their views of who have a right to vote at the annual meeting of the stockholders for the year 1902 are complied with or carried out, that they will each elect a full board of directors representing their respective views of the manner in which the business and affairs of the said company should be conducted for the ensuing year."

The bill also alleges that the officers of the company failed to keep, or cause to be kept, the book required to be kept by section 269 of the General Statutes of the state as amended.

Plainly, there are but two parties to this controversy,—one the directors and stockholders who wish to retain the present management, and the other the stockholders who wish to displace the present management,—and all the persons on the one side make common cause against all those on the other. The original bill was filed in the name of "George F. Bartlett, for and on behalf of any and all stockholders of the defendant corporation who are similarly situated, and who may wish to join in this action," and it is quite obvious that the principal defendants in the cross-bill gladly availed themselves of the benefit of the injunction. They took no steps to have it dissolved or modified, and are at one with the plaintiff named in the bill, and may properly be included among those "similarly situated" with the plaintiff, for whose benefit the bill was brought. It will be observed that the chief ground upon which the injunction was asked and obtained was that the directors and officers of the company had neglected and refused to perform their legal duties as such officers, duties imposed upon them by the law of the state and the by-laws of the company and which they intentionally and willfully refused to perform for the very purpose of preventing the holding of the annual stockholders' meeting for the election of directors. They could not well be named as plaintiffs in a bill seeking an injunction on the ground of their own dereliction of their official duties, and hence they were made defendants to the bill; but they eagerly accepted the benefits of the injunction, which effected the purpose they had been struggling to accomplish, and for which their own illegal action had laid the foundation. The injunction accomplished the very object they desired, and, though named as defendants, they are in reality plaintiffs, and must be so treated.

The stockholders named as defendants in the original bill, who were opposed to the continuance of the present management, and who

were the only real adversary defendants, have filed a cross-bill supplemented by a motion asking for a modification of the injunction and other relief. In substance the cross-bill and motion ask that the injunction be so modified as to permit the holding, upon due notice to the stockholders, of a stockholders' meeting to elect directors; that such election be held and conducted in conformity to the law of the state and the by-laws of the company, except certain by-laws recently enacted, which are claimed to be void (but which the court holds are valid), and "that the court appoint some qualified and prudent person, or authorize and empower one of the masters in chancery of said court to take the charge, control, or direction of such meeting, and to conduct the same in conformity with the statutes of the state of Colorado, and the valid by-laws of said company, and in accordance with the order of the court." The cross-bill is clearly germane to the original bill. The original bill related to and dealt with the holding of a stockholders' meeting to elect directors of the company. That was its subject-matter. The cross-bill deals with that subject-matter, and nothing else. All else is merely supplemental to that subject-matter.

The court is asked to decide now certain questions as to the right of the stockholders to vote at the election. It declines to do so in view of the order it contemplates making in the case. The questions upon which a decision is asked may never arise. Moreover, it is obviously impossible for the court to anticipate the numerous questions that may be raised by the respective opposing parties, and decide them in advance. Under the by-laws, as they now stand, the decision of all questions, including questions touching the right of a stockholder to vote, would, in the first instance, rest with those defendants in the cross-bill who, under a recent by-law, have the right to preside at the stockholders' meeting. Every one of the defendants in the cross-bill, who are qualified so to preside under the by-law mentioned, are directors and officers of the company, who would be displaced by an adverse vote of the stockholders, and who were active in preventing, by means which the law cannot sanction, the holding of the annual meeting on the 20th of August. Those defendants would, in effect, be judges in their own case. The law, which in this respect is in harmony with the common sense of all mankind, declares that no man shall be judge in his own case, even though his adversary consents that he may be. The law deems it unwise to subject any man to the strain and temptation that would be put upon him by acting as judge in his own case; and a further reason for the rule is that self-interest insensibly blinds and warps the judgment of men of undoubted honesty and integrity. It is clear to a demonstration that the existing attitude of the opposing bodies of stockholders towards each other is such as to preclude, in all human probability, the holding of an election for directors which would be conducted in a fair, open, orderly, and legal manner. In the present state of feeling between these opposing bodies of stockholders, no presiding officer would be adequate to that task.

It was averred in the original bill that this condition of things existed at the time fixed for holding the annual meeting for the election

of directors, and this was one of the grounds upon which the injunction was asked and obtained. Neither the conditions nor human nature have changed since that time. The elements of discord that existed then are present now, multiplied and intensified by continued litigation. For these reasons, the court will appoint a special master as prayed for, invested with the powers and authority which will be specified in the order appointing him.

Of the power of the court to make such an order I entertain no doubt. It is supported by authorities cited on the argument, but, independently of those authorities, I should not hesitate to exercise the power in a case like this. The remarks of Mr. Justice Brewer in the case of Chicago, R. I. & P. Ry. Co. v. Union Pac. Ry. Co. (C. C.) 47 Fed. 15, are appropriate in this connection. The learned justice said:

"I know, to one who is only familiar with the narrow limits and the strict lines within and along which courts of law proceed, the act of a court of equity in taking possession of a contract running for 999 years, and decreeing its specific performance through all those years, seems a strange exercise of power, but I believe most thoroughly that the powers of a court of equity are as vast, and its processes and procedure as elastic, as all the changing emergencies of increasingly complex business relations and the protection of rights can demand. * * * They are potent to protect the humblest individual from the oppression of the mightiest corporation; to protect every corporation from the destroying greed of the public; to stop state or nation from spoliating or destroying private rights; to grasp with strong hand every corporation, and compel it to perform its contracts of every nature, and do justice to every individual."

The stockholders of this corporation are legally entitled to have a meeting of stockholders called, at which they can express their choice for directors of the company, and the court will afford them an opportunity to exercise that right under conditions that will secure to each one of them legally entitled to vote, the right to do so.

The complainant's remedy at law is not adequate. The remedy at law would leave the parties free to renew the contest on the same and other like lines that have thus far stifled the voice of the stockholders.

The following is the order entered:

Now on this 2d day of October, A. D. 1902, the motion for a modification of the injunction heretofore granted in the original cause above entitled filed herein by the cross-complainants, John W. Gates, James A. Blair, John Lambert, John J. Mitchell, and Arthur J. Singer, having come on regularly for hearing, the plaintiff and respondent to the cross-bill, George F. Bartlett, appearing by his solicitor, A. M. Stevenson, Esq., the cross-complainants appearing by their solicitors, William B. Hornblower, Esq., Joel F. Vaile, Esq., and Charles W. Waterman, Esq., and the defendants and respondents to the cross-bill, to wit, the Colorado Fuel & Iron Company, David C. Beaman, Julian A. Kebler, John C. Osgood, Alfred C. Cass, John T. Kebler, Cass E. Herrington, John L. Jerome, William H. James, and Dennis Sullivan, appearing by David C. Beaman, Esq., Cass E. Herrington, Esq., and Charles J. Hughes, Jr., Esq., their counsel, and the court having heard read the original bill, cross-bill, and the affidavits, pleadings, and records offered in support of the said motion and in opposition thereto, and also including the original petition for removal of said cause, and the affidavits in support thereof and in opposition thereto, and also the pleadings and affidavits filed in that certain cause pending in this court wherein John J. Mitchell and others were complainants and the Colorado Fuel & Iron Company and others were defendants, and having heard the arguments of counsel, and the court being fully advised in the premises, it is by the court ordered and adjudged as follows:

First. That the original injunction heretofore issued in said original cause above entitled by the district court of the Second judicial district of the state of Colorado sitting within and for the county of Arapahoe, in said state, by order of said court dated the 20th day of August, 1902, be, and the same is hereby, modified as follows: So much of said injunction as undertakes to enjoin and restrain the stockholders of the Colorado Fuel & Iron Company, or any of them, from holding or voting at any meeting of said stockholders to be held as a substitute for the regular annual meeting called for the 20th day of August, 1902, be, and the same is hereby, vacated, and set aside, and a substitute meeting of the stockholders of said company is hereby ordered and directed to be called and held as follows: Such meeting shall be called by the board of directors of said company for the 10th day of December, 1902, at 10 o'clock in the forenoon, and the defendants herein composing said board of directors, namely, David C. Beaman, Julian A. Kebler, John C. Osgood, Alfred C. Cass, Dennis Sullivan, William H. James, John T. Kebler, Cass E. Herrington, and John L. Jerome, and all other persons who are directors of said company, and any persons who may be hereafter elected members of said board before such action shall have been taken, are hereby ordered and directed to call such meeting for the 10th day of December, 1902, for the purpose of electing directors of said the Colorado Fuel & Iron Company for the year ending on the third Wednesday of August, 1903, and for the transaction of such other business as may come before the meeting. And it is further ordered and directed that the defendant David C. Beaman, the secretary of said company, or any one who may be elected or appointed in his place prior to the carrying out of this order, shall send, or cause to be sent, to the stockholders of said company, the notice of said meeting required by the statutes of the state of Colorado, and the by-laws of said company, at least thirty (30) days before the date herein fixed for the holding of said meeting, and shall also publish, in accordance with the statutes of the state of Colorado, a notice of said meeting in one or more newspapers, as provided by law, at least ten (10) days before the date herein fixed for the holding of said meeting. And said the Colorado Fuel & Iron Company, its officers, agents, servants, attorneys, employés, and the directors of said company, are further ordered and directed in accordance with the by-laws of said company to cause the transfer books of said company in the city of New York, kept by the Knickerbocker Trust Company, transfer agent of said the Colorado Fuel & Iron Company, to be closed twenty (20) days before said tenth (10th) day of December, 1902, and to remain closed until after the meeting shall have finally adjourned.

Second. It is further ordered that Hon. Seymour D. Thompson be, and he is hereby appointed special master to be present at and supervise the meeting of the stockholders of said the Colorado Fuel & Iron Company hereinbefore directed to be held, and the said master so appointed shall ascertain and report to the said meeting of stockholders so to be held on said tenth (10) day of December, a list of all stockholders of said company having on said day the right to vote as such stockholders; and to enable the said master to make said report the board of directors of the defendant the Colorado Fuel & Iron Company shall cause, at the demand or request of the said master, that the books in the possession of the said transfer agent of said company shall be open to the inspection and examination of the said master, and the secretary of said company shall submit to the said master the stock books of said company kept or to be kept in the city of Denver, and from the evidence obtained from said books, or from such other evidence as the said master shall deem competent, the said master shall make up the list of stockholders aforesaid. The master is authorized to take testimony upon his own motion or upon the request of either party, and may hear and examine witnesses, and examine books, documents, and papers in the city of New York and in the city of Chicago, state of Illinois, and in the state of Colorado, and in such other places as in his discretion he may order and direct; provided, however, that the taking of testimony on the request of parties shall not be so extended or so used as to delay the convening of the said meeting for the election of directors on the day in this order designated, or to unreasonably delay the election of directors herein provided for. The said master hereby

appointed shall have full, absolute, and complete authority to determine who are entitled to vote at said election of directors, either in person or by proxy, and shall determine all questions of dispute that may arise at said meeting as to the right of any person to vote by himself or by proxy, and as to the validity of any proxy presented at the meeting, and as to the right of any such person as such proxy, and his decision shall be conclusive for the time being upon the said meeting, its presiding officer, the tellers of election, and all persons participating in the said meeting of stockholders. After the conclusion of said election said master shall declare the result of said election, and the persons by him declared to be elected directors shall at once be inducted into office for the time being, and the master shall report to this court the result of such meeting, and the names of the directors who may be elected thereat, the number of votes cast by the stockholders for each person voted for at said meeting for the office of director, and also any ruling made by the said master during the progress of said meeting to which any exception shall be taken by any stockholder or person claiming to be a stockholder or to represent any stockholder as proxy; but no exception to any decision or ruling by the said master shall delay or postpone the election of directors at said meeting, or be cause of adjournment thereof, but any question of difference shall be summarily disposed of by the said master at the time of said meeting.

Third. It is further ordered and adjudged that the board of directors of the defendant company shall, on or before the 20th day of October, 1902, cause to be made of record its resolution providing for the calling of the said meeting hereinabove directed to be called, and on or before the said 20th day of October, 1902, the secretary of the said the Colorado Fuel & Iron Company shall prepare the form of notice thereafter to be issued to stockholders, and the form of notice to be published in a newspaper as hereinabove provided, and on or before the said 20th day of October, 1902, the defendant the Colorado Fuel & Iron Company shall cause a copy of said resolution so by it to be adopted, and a copy of said notice or notices, to be transmitted and delivered to the said master hereby appointed for his consideration and approval, and the said master shall immediately consider the same. If he approves such resolution and notices, he shall indorse his approval thereon, and return them to the said the Colorado Fuel & Iron Company. If he does not approve the said form of resolution or said notice, then he shall direct the proper change or modification that, in his opinion, should be made in such resolution or notices, or both, and immediately upon receiving such instructions from the said master the board of directors of the said the Colorado Fuel & Iron Company shall cause the said resolution to be adopted, and the said notices to be prepared in accordance with the directions so made by said master, and have the same completed prior to the tenth (10th) day of November, 1902, so that the said notices to individual stockholders can be issued and delivered or mailed on or before said date, as required by the statute of the state of Colorado and by the by-laws of said company.

Fourth. It is further ordered that any party hereto may apply to the court or the judge granting this order for any further order in the premises, upon reasonable written notice to the solicitors of record in this cause.

By the Court.                                        Henry C. Caldwell,
      Judge of the United States Circuit Court, Eighth Judicial Circuit.