GOVERNOR A.P. LUTALI, on Behalf of
DEVELOPMENT BANK OF AMERICAN SAMOA,
Plaintiff

v.

MABEL FOSTER and
AMERICAN SAMOA DEVELOPMENT CORP.,
Jointly and Severally, Defendants

High Court of American Samoa
Trial Division

CA No. 37-93

May 3, 1993

Before KRUSE, Chief Justice, and MAILO, Associate Judge.

Counsel: For Plaintiff, Jennifer L. Joneson, Assistant Attorney General
For Defendants, Asaua Fuimaono

This matter came on regularly for trial on April 30, 1993, upon plaintiff's complaint for injunctive relief. Prior to filing suit, plaintiff had thrice requested the secretary of the American Samoa Development Corporation (hereinafter ASDC) to call a special shareholders' meeting. In letters dated February 11 and 25, 1993, plaintiff sought a shareholders' meeting to vote upon whether to remove the current board

members and, if they were removed, to replace them. Also requested in the second letter was a vote to repeal the board's February 5th amendment to the bylaws.

In his letter dated March 15, 1993, plaintiff requested a special shareholders' meeting to amend the ASDC's articles of incorporation. Among other things, a vote would be taken to transfer from the board to the shareholders the power to amend the bylaws. However, the board met and voted to reject the first two requests for a special shareholders' meeting and never responded to the third request. As such, Mabel Foster, ASDC's secretary, has failed to call such a meeting.

The two issues in this case, then, are whether Mabel Foster should be enjoined from failing to call a special shareholders' meeting to (1) amend ASDC's articles of incorporation and (2) remove the current board of directors and elect a new board.

According to ASDC Articles of Incorporation § 11, the articles of incorporation may be amended by a majority vote of the stockholders. At trial, defendants conceded that Mabel Foster should call within sixty days a special shareholders' meeting for this purpose, and they stipulated to an injunction to that effect. Defendants' objection to the meeting's purposes of removing and electing new directors, though, misses the point. Even if such actions were currently prohibited, they would be entirely proper if the proposed changes in the articles of incorporation and the bylaws were adopted by the shareholders. Mabel Foster, as secretary of the ASDC, is thus obligated to call a special shareholders' meeting for the purposes enumerated in plaintiff's letter of March 15, 1993.

Likewise, plaintiff seeks to hold a special shareholders' meeting for the purposes of removing the current members of the Board of Directors and electing replacements for them. According to ASDC Bylaw § 2(b), special meetings of the stockholders may be called for any purpose, and the secretary shall call a meeting when a written request has been signed by owners of at least ten percent of the common stock entitled to vote. Both parties have stipulated that the Development Bank holds at least ten percent of ASDC's shares.

Previously, defendants had challenged plaintiff's right to vote the Development Bank's stock. Nevertheless, ASDC Bylaw § 2(j) provides that an officer designated by the Governor may vote the government-owned shares. Furthermore, in a letter dated April 15, 1993, the

Development Bank explicitly ratified the Governor's actions in seeking a special shareholders' meeting.

Defendants assert that A.S.C.A. § 30.0141(a), which states that corporate directors are to be elected at the annual stockholders' meeting, somehow precludes ASDC's shareholders from removing the entire board of directors; interestingly enough, defendants also concede that the shareholders have the authority to remove individual members of the board. In any event, this argument is without any legal basis. The election of members of a board of directors is different than removal of those members, even if the latter results in a special election to choose new directors. That members of a board of directors are elected at an annual meeting by the stockholders does not mean that the former are entitled to hold their offices, without any interference, for their entire terms. Indeed, ASDC Bylaw § 4(b) specifically provides that the stockholders may remove a member of the board of directors.

In short, the election procedures set forth in the statutes, articles of incorporation, and bylaws are just that--procedures by which a corporation regularly selects its officials. These procedural provisions, though, do not confer additional authority on a board of directors, nor do they impose additional limits on the stockholders.

A corporate board of directors has a fiduciary duty to the corporation and its stockholders. *See, e.g.*, *Norlin Corp. v. Rooney, Pace Inc.*, 744 F.2d 255, 264 (2d Cir. 1984) (New York law); *In re Black*, 787 F.2d 503, 506 (10th Cir. 1986) (Utah law); *Delano v. Kitch*, 663 F.2d 990, 997 (10th Cir. 1981) (Kansas law), *cert. denied* 456 U.S. 946 (1982); *Ohio Drill & Tool Co. v. Johnson*, 625 F.2d 738, 742 (6th Cir. 1980) (Ohio law). An attempt by a board to insulate itself from accountability to the shareholders is inconsistent with this duty. "[N]o board can . . . usurp the power of control of the corporation vested by law in the shareholders." *Czech Catholic Union v. Satla Realty Corp.*, 117 N.E.2d 610, 616 (Ohio 1954).

The High Court possesses the statutory authority to issue an injunction if it deems money damages to be an inadequate remedy. A.S.C.A. § 43.1302. This includes an order to hold a special shareholders' meeting after a board of directors, though lacking any discretion in the matter, fails to call a meeting. *See Auer v. Dressel*, 118 N.E.2d 590, 592 (N.Y. 1954) (mandamus to compel special stockholders' meeting); *Bartlett v. Gates*, 118 F. 66, 71-73 (C.C.D. Colo. 1902) (stockholders supporting the incumbent board of directors

41

engaged in a sham suit against the latter and obtained an ex parte injunction enjoining the annual stockholders' meeting; at trial this injunction was modified to order a stockholders' meeting and to appoint a special master to supervise the meeting); *see generally* Annotation, "Remedies to restrain or compel holding of stockholders' meeting," 48 A.L.R.2d 615 (1956 & Supp. 1986).

Because money damages would constitute an inadequate remedy in this case, this court grants the plaintiff an injunction against the defendants. Mabel Foster, ASDC's secretary, is hereby enjoined from failing to carry out her duty to call a special shareholders' meeting as requested by plaintiff. She is to call a special shareholders' meeting to amend ASDC's articles of incorporation and to remove and elect members of ASDC's board of directors, and she is to give the shareholders the requisite sixty-day and ten-day notice, respectively.

It is so ordered.