## AMERICAN BIBLE SOCIETY & Others' *v.* PRICE.

APPEAL FROM THE CIRCUIT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS.

Submitted December 14th, 1883.—Decided January 7th, 1884.

*Removal of Causes—Statutes.*

1. Under the third subdivision of § 639 Rev. Stat., a suit cannot be removed from a State court, unless all parties on one side of the controversy are different citizens from those on the other. *Sewing Machine Companies,* 18 Wall. 553, and *Vannevar* v. *Bryant,* 21 Wall. 41, adhered to.

2. Where a daughter of a testator commenced suit in a State court to set aside the will, and the executors were trustees of a small trust fund under the will, the use of which was to be enjoyed by the daughter during her life, and which was to go to her children on her decease : *Held,* That the executors were necessary parties to the suit, and if they were citizens of the same State as the daughter, the cause could not be removed into the Circuit Court of the United States, under the third subdivision of § 639' Rev. Stat. even though the legatees and devisees of the great mass of the estate were citizens of other States.

Motion to dismiss an appeal from an order of the court below remanding the cause to the State court.

*Mr. G. Kœrner* for appellee and mover.

*Mr. George P. Strong* for appellants.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal from an order remanding a cause which had been removed from a State court. The case is as follows :

Isaac Foreman, a citizen of Illinois, died on the 28th of October, 1878, leaving a will by which, after devising certain property to his wife Rebecca Foreman for life, he appointed John J. Thomas, Frederick H. Pieper, and Theophilus Harrison, all cit-

izens of Illinois, his executors.    After directing his executors to convert all his property into money, he proceeded as follows :

"4th.    After the payment of all my just debts, I give and bequeath to my said executors the sum of two thousand dollars ($2,000) in trust for the use and benefit of my daughter, Mary Price, during her natural life.    I desire my said executors to safely loan on interest said sum of money, and pay to my said daughter the interest or profits thereof annually during her life, and after her death the proceeds or interest thereof to be paid annually for the maintenance and education of her child or children, and such principal sum to be paid to her child or children when he, she or they become of age.    And should my said daughter die leaving no child or children, or should all of them die before coming of age, then the said sum of two thousand dollars shall be payable by my said executors, two-thirds thereof to the American Bible Society, and one-third thereof to the Missionary Society of the Methodist Episcopal Church of the United States of America."

All the residue of the proceeds of his property were to be paid over to the two societies in the same proportions.

This suit was begun by Mary Price, a citizen of Illinois, the daughter, on the 19th of November, 1878, to set aside the will on the ground that the testator was of unsound mind when it was made.    The widow, the executors, and the two societies were all made defendants.    A joint answer was filed by all the defendants on the 14th of January, 1879.    On the 21st of September, 1880, the widow filed a separate answer, in which she set forth her election to renounce the will, and take her dower and legal share of the estate of her husband.    She, therefore, disclaimed all interest in the controversy.    Thereupon the two societies filed a petition for the removal of the suit to the Circuit Court of the United States for the Southern District of Illinois, under the third subdivision of sec. 639 of the Revised Statutes, on account of "prejudice and local influence."    When the case got to the Circuit Court it was remanded, on the ground that the executors were necessary defendants and citizens of the same State with the complainant.    To reverse that order this appeal was taken.

That a suit cannot be removed under the third subdivision of sec. 639, unless all the parties on one side of the controversy are citizens of different States from those on the other, was settled in the case of the *Sewing Machine Companies*, 18 Wall. 553, and *Vannevar* v. *Bryant*, 21 Wall. 41, and that the executors were necessary parties we have no doubt. The sum of $2,000 was specifically bequeathed to them in trust for the complainant, Mrs. Price, during her life, and after her death for her children, or, in case of their death before coming of age, for the two societies. The interest of the children is left entirely to the protection of the executors, and is not represented either by the mother, who is complainant, or by the societies who are defendants. If the children had united with the mother in contesting the will the case might have been different, but they have not done so, and their interests must be treated accordingly.

Without, therefore, deciding any of the other questions,

*The order remanding the case is affirmed.*