ANDERSON *et al.* v. BOWERS *et al.*

(*Circuit Court, N. D. Iowa, W. D.*  August 29, 1890.)

REMOVAL OF CAUSES—LOCAL PREJUDICE.

Under Act Cong. Aug. 13, 1888, amending Act March 3, 1887, § 2, cl. 4, providing that in actions "in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state," may remove the action on the ground of local prejudice, the right of removal does not exist where the controversy is between a citizen of the state wherein the suit is pending on the one side, and a citizen of the same state and a citizen of another state on the other side.

Motion to Remand to State Court.

*Van Wagenen & McMillan* and *Kauffman & Guernsey,* for complainants.
*Henderson, Daniels, Hurd & Keisel,* for Orient Fire Insurance Company.

SHIRAS, J.  The motion to remand in this case presents the question whether, under the local prejudice clause of the act of congress of 1888,[1] the right of removal is confined to cases wherein all the defendants are citizens of a state other than that in which the suit is pending.  The complainants in the cause are citizens of Iowa.  The Orient Fire Insurance Company, a corporation created under the laws of the state of Connecticut, and George Provost, are defendants, the latter being a citizen of Iowa.  The insurance company filed its petition for a removal of the case on the ground of local prejudice, and the petition was granted, following the ruling made by Judge JACKSON in *Whelan* v. *Railroad Co.,* 35 Fed. Rep. 863.  The motion to remand was filed for the purpose of re-presenting the question of the true construction of the statute in this particular.

The original local prejudice act of 1867, provided "that where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, whether he be plaintiff or defendant, if he will file an affidavit," etc.  The clause deals with two subjects: (1) It defines the class of controversies that are removable under its provisions; (2) it declares by whom the right of removal may be exercised. To be removable, there must be in the suit a controversy between a citizen of the state wherein the suit is brought and a citizen of another state.  Such a controversy existing, then, upon the showing of the existence of local influence or prejudice, the citizen of another state, whether plaintiff or defendant, could remove the case.  In cases wherein there was more than one plaintiff or defendant, it was held by the supreme court that all interested in one side of the controversy must be citizens of the state in which the suit was brought, and all interested adversely must be citizens of other states, and furthermore that all the citizens of the state or states, other than that in which the suit was pending, must unite in the application for removal.  *Sewing-Mach. Case,* 18 Wall. 553;

[1] Act of August 13, 1888, amending act of March 3, 1887, § 2, cl. 4.

*Vannevar* v. *Bryant,* 21 Wall. 41. The same construction was applied, when the local prejudice clause was carried into the Revised Statutes, be becoming subsection 3 of section 639 thereof. *Society* v. *Price,* 110 U. S. 61, 3 Sup. Ct. Rep. 440; *Hancock* v. *Holbrook,* 119 U. S. 586, 7 Sup. Ct. Rep. 341. In other words, the class of cases to which the local prejudice clause was applicable under the act of 1867 and section 639 of the Revised Statutes was that wherein one side of the controversy was represented by a citizen or citizens of the state wherein the suit was pending, and the other by a citizen or citizens of other states. The clause did not include cases wherein the controversy was partly between citizens of the same state. This was the settled construction of the language used in the act of 1867 and the Revised Statutes, and therefore, when congress enacted the statute of 1888, and used therein the same definition of the class of cases removable on the grounds of local influence or prejudice, is there any escape from the conclusion that it was the intent of congress that the same construction should be applied thereto? It is well settled that where the terms used in a statute have acquired a well-understood meaning, through judicial interpretation, and the same terms are used in a subsequent statute upon the same subject, the presumption is that it was the legislative intent that the same interpretation should be given thereto, unless by qualifying or explanatory additions the contrary intent is made to appear. *The Abbotsford,* 98 U. S. 440; *Claflin* v. *Insurance Co.,* 110 U. S. 81, 3 Sup. Ct. Rep. 507. Are such qualifying words to be found in the act of 1888? In describing the class of suits removable on the grounds of prejudice or local influence, the language is identical with that found in the act of 1867. Both acts define the class to be suits "in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state." When, however, we reach the part of the clause which declares who may exercise the right of removal, we find a wide divergence between the two acts. Under the act of 1867, the right was conferred upon the citizen or citizens of the state or states other than that in which the suit was pending, regardless of their position as plaintiff or defendant. Under the act of 1888 the plaintiff cannot remove a cause, but any defendant, who is a citizen of a state other than that in which the suit is pending, may remove the same upon a proper showing. It is urged in argument that the use of the words "any defendant, being such citizen of another state, may remove," etc., implies that there may be defendants who are not citizens of another state, and yet the cause may be removed, if there is a defendant who is a citizen of another state. It cannot be gainsaid that the words are susceptible of this construction, and if the class of cases removable under this clause had not been previously defined and limited, it might well be that such construction would be permissible. In view, however, of the settled construction given to the preceding portion of the clause, I do not think this possible implication should be held to show that it was intended to change the meaning of the terms previously used. It seems to me to be the true rule to give the words, "in which there is a controversy between a citizen of the state in which the suit is brought

and a citizen of another state," the same meaning in the act of 1888, as was given them in construing the act of 1867, thus holding that the class of cases removable on the ground of prejudice and local influence is confined to those in which there is a controversy between a citizen or citizens of the state in which the suit is pending, and a citizen or citizens of another or other states, but not including such in which there is a controversy partly between a citizen or citizens of the state wherein the suit is pending, and a citizen or citizens of other states, and partly between citizens of the same state. Admitting that there is doubt as to the proper construction of the act, it still follows that this court should not retain the case, as it is better to leave the cause in the court whose jurisdiction is undoubted. The motion to remand is sustained.