### NIBLOCK *et al. v.* ALEXANDER *et al.*

*(Circuit Court, D. Indiana.* December 10, 1890.)

**1. REMOVAL OF CAUSES—LOCAL INFLUENCE—AFFIDAVIT.**
 The affidavit of defendant's attorney for the removal of a cause from a state to a federal circuit court, couched in the general terms of the statute, with the additional averment "that affiant knows the facts of such prejudice and local influence, and makes this affidavit from such knowledge," is insufficient under Act Cong. March 3, 1887, requiring that "it shall be made to appear" to the circuit court that such prejudice or local influence exists.

**2. SAME—DIVERSE CITIZENSHIP.**
 Under that act, permitting the removal, when there is a "controversy between a citizen of the state in which the suit is brought and a citizen of another state," a removal cannot be had when the suit is brought in Indiana by two plaintiffs, one a citizen of Illinois, and the other of Indiana, against a citizen of Texas.

At Law. On motion to remand.
*Claypool & Ketcham,* for plaintiffs.
*L. B. Swift,* for defendants.

WOODS, J. This cause was removed from the state court upon the petition of the defendant John S. Alexander, who is a citizen of Texas, his co-defendants being one of them a citizen of Pennsylvania and the other a citizen of Indiana. Of the plaintiffs, Niblock is a citizen of Illinois and Zimmerman of Indiana. The suit is to enforce an arbitration bond executed by the defendants to the plaintiffs, and the plaintiffs are jointly and equally interested in the relief sought. The removal was obtained upon the ground of prejudice and local influence. Aside from the citizenship of the parties, the proof of prejudice or local influence can hardly be deemed sufficient. There is conflict in the decisions on the subject, but the opinion of Justice HARLAN, as declared in *Malone v. Railroad Co.*, 35 Fed. Rep. 625, is controlling in this circuit. After reviewing the statutes, he says:

"I am of opinion that congress did not intend to vest the circuit courts of the United States with authority to take cognizance of a case pending in a state court upon the ground of prejudice or local influence against the defendant, a citizen of another state, unless the circuit court, in some proper way, found as a fact that such prejudice or local influence existed. And the simple affidavit by an officer of a defendant corporation, stating in general terms that it cannot, from prejudice or local influence, obtain justice in the state courts,—no opportunity having been given to the plaintiff, by notice, to controvert such statement,—ought not to be accepted as sufficient evidence of that fact."

For cases touching the question, see *Cooper* v. *Railroad Co.*, 42 Fed. Rep. 697. The affidavit in support of the petition for removal of this cause was made by the petitioner's attorney, and is in the general terms of the statute, except that it contains the statement "that affiant knows the facts of such prejudice and local influence, and makes this affidavit from such knowledge." But this necessarily is only an expression of opinion, and, without a statement of facts to justify it, means no more than if the affidavit had conformed to the language of the act of March 3,

1875, "that he has reason to believe and does believe," etc. The present act says: "When it shall be made to appear to said circuit court," etc., and the change of phraseology seems to me to require the interpretation which Justice HARLAN has adopted. In *Rike* v. *Floyd*, 42 Fed. Rep. 247, an affidavit was held insufficient on grounds quite applicable here. See, also, recent decision of the supreme court in *Ex parte Pennsylvania Co.*, 11 Sup. Ct. Rep. 141, (decided December 22, 1890.) Whether or not, if the showing of prejudice were *prima facie* good, the court ought to consider the counter-affidavits, which have been filed, or should sustain the motion made to reject them, need not be considered.

There is another and more conclusive reason why the court cannot take jurisdiction of this cause. There is in it no "controversy between a citizen of the state in which the suit is brought and a citizen of another state." It is perhaps not material that the defendant who sought a removal was joined as co-defendant with a citizen of the state where the suit was brought, but it is fatal to the right of removal that one of the plaintiffs was a citizen of another state. It was so decided, after careful consideration, in the case of *Thouron* v. *Railway Co.*, 38 Fed. Rep. 673. Motion to remand sustained.