CAMPBELL et al. v. MILLIKEN et al.

(Circuit Court, D. Colorado. December 18, 1902.)

No. 4,376.

1. REMOVAL OF CAUSES—LOCAL PREJUDICE—CITIZENSHIP OF PARTIES.

> One of two defendants, both necessary parties to the suit, and where there is no separable controversy, cannot remove the cause on the ground of prejudice or local influence, under the fourth subdivision of section 2 of the judiciary act of 1887–1888 [U. S. Comp. St. 1901, p. 509], where his codefendant is a citizen of the same state as the plaintiffs.

On Application for Removal on the Ground of Local Prejudice.

Charles T. Potter and Karl C. Schuyler, for complainants.

John M. Waldron and Tyson S. Dines, for respondents and for petitioners for removal.

RINER, District Judge. This is an application to remove this case from the district court sitting within and for Teller county, in the state of Colorado, upon the ground of local prejudice under the fourth paragraph of the second section of the act of August 13, 1888 [U. S. Comp. St. 1901, p. 509], providing for the removal of causes from the state court to the circuit court of the United States. The application is made on behalf of the Golden Cycle Mining Company and John T. Milliken, its president, both nonresidents of the state of Colorado. The plaintiffs, and also the defendant L. E. Hill, are citizens of the

¶ 1. Prejudice or local influence as ground for removal of cause to federal court, see note to Schwenk v. Strang, 8 C. C. A. 95.

state of Colorado. The bill in the case sought to be removed prays that the defendants Milliken and Hill be compelled to account to the Golden Cycle Mining Company for all moneys taken and received by them or either of them to any person or persons from the assets and funds of said corporation, and that they be restrained from in any way or manner using the works, drifts, shafts, machinery, buildings, or other property of the Golden Cycle Mining Company in operating a certain lease which it is alleged they hold upon the Theresa lode mining claim; that, if it appears and is determined upon the hearing of the case that the above-named defendants have unlawfully or without authority deeded or conveyed to any person or persons or corporations any part of the property of the Golden Cycle Mining Company, they be compelled to account to the company therefor, and to pay the company the damages sustained by reason thereof; and that they be enjoined from holding a certain stockholders' meeting called for the hour of 2 o'clock in the afternoon of December 1st; and that they be restrained and enjoined from transferring, deeding, conveying, assigning, or in any manner disposing of any of the assets or property of the defendant the Golden Cycle Mining Company to an Arizona corporation, or any other corporation, or any other person or persons. An examination of the bill discloses the fact that the real controversy in the case is between the complainants and the defendants Milliken and Hill. Upon the facts as disclosed in the affidavits, the court is of opinion that defendants have made a sufficient showing of fact to entitle them to remove the cause, provided it is a case removable under the fourth subdivision of the second section of the statute above referred to. It is urged, however, in opposition to the petition for removal, that the case is not one of which the circuit court of the United States can take jurisdiction, by reason of the fact that one of the defendants, L. E. Hill (whom it clearly appears is a necessary party), is a resident of the state of Colorado, the same state of which the complainants are residents, and therefore this suit is not a controversy between citizens of the state in which the suit is brought, and a citizen of another state.

This is the second appearance of this case before the court at this term. 119 Fed. 981. It was first sought to remove the cause from the state court to this court upon the ground of the diverse citizenship of the defendant the Golden Cycle Mining Company, that company being a citizen of the state of West Virginia, and the plaintiffs, they all being citizens of the state of Colorado, and upon the additional ground that a separable controversy existed in said suit as between the defendant the Golden Cycle Mining Company and the complainants and as between the plaintiffs and the remaining defendants. This application was denied by this court, and the question, therefore, of a separable controversy existing in the suit is not before the court in any way; that question having been settled, so far as this case is concerned, by Judge Hallett, on the first application to remove. The question, and the only question other than the question of fact as to whether prejudice or local influence exists on account of which the removal is sought, is whether or not one of two defendants, both necessary parties to the suit, can remove a case where his codefendant is a citi-

zen of the same state with the plaintiffs in the suit. Upon this question the decisions of the circuit courts of the different circuits are in conflict, and, unfortunately, the question has never been passed upon by the supreme court. It was urged at the argument that Judge Caldwell, in the case of Bartlett v. Gates (decided in this court) 118 Fed. 66, passed upon the question now presented to the court for determination. I regret very much to find that such is not the case. Had he done so, it would have relieved the court in this case from the necessity of spending several hours' labor in the examination of authorities cited by counsel at the argument. The case of Bartlett v. Gates was a suit brought by Bartlett for himself and on behalf of all stockholders similarly situated against a number of citizens of the same state with the plaintiff, and the five defendants, citizens of another state, who filed the petition for removal. The rule is well settled that when a controversy about which a suit is brought in the state court is between citizens of one or more states on one side, and citizens of other states on the other side, any defendant, party to the controversy, may remove the suit to the circuit court of the United States, without regard to the position he occupies in the pleadings, as plaintiff or defendant; and for the purposes of removal the matter in dispute may be ascertained by the court, and the parties to the suit arranged on opposite sides of that dispute. If in such arrangement it appears that those on one side are all citizens of different states from those on the other, the suit may be removed. The mere form of pleading may be put aside, and the parties placed on different sides of the matter in dispute according to the facts. Judge Caldwell found the facts in Bartlett v. Gates within this rule, the substance of which I have just stated. In the course of his opinion, at page 69, 118 Fed., he used this language:

"Plainly, there are but two parties to this controversy,—one, the directors and stockholders, wishing to retain the present management; and the other, the stockholders who wished to displace the present management; and all persons on the one side make common cause against all those on the other. The original bill was filed in the name of 'George F. Bartlett, for and on behalf of any and all stockholders of the defendant corporation who are similarly situated, and who may wish to join in this action,' and it is quite obvious that the principal defendants in the cross-bill gladly availed themselves of the benefit of the injunction. They took no steps to have it dissolved or modified, and are at one with the plaintiff named in the bill, and may be properly included among those 'similarly situated' with the plaintiff, for whose benefit the bill was brought. It will be observed that the chief ground upon which the injunction was asked and obtained was that the directors and officers of the company had neglected and refused to perform their legal duties as such officers, duties imposed upon them by the law of the state and the by-laws of the company, and which they intentionally and willfully refused to perform for the very purpose of preventing the holding of the annual stockholders' meeting for the election of directors. They could not well be named as plaintiffs in a bill seeking an injunction on the ground of their own dereliction of their official duties, and hence they were made defendants to the bill; but they eagerly accepted the benefits of the injunction which effected the purpose they had been struggling to accomplish, and for which their own illegal action had laid the foundation. The injunction accomplished the very object they desired, and, though named as defendants, they are in reality plaintiffs, and must be so treated."

I think it cannot be said, therefore, that Judge Caldwell passed upon the question now before the court, and which was before the court in

Anderson v. Bowers (decided by Judge Shiras, of this circuit, in 1890) 43 Fed. 321, and indirectly, if not directly, overruled the conclusions reached by the court in that case. As I said a moment ago, the court regrets that Judge Caldwell did not have occasion to pass directly upon this question, as this court would certainly have followed a decision made by that eminent jurist, and thereby relieved itself of the labor incident to the thorough examination which the court has found it necessary to make of the adjudications in the various circuits.

After the argument was concluded, my attention was called to a lecture delivered before the St. Louis Law School by the Honorable Amos M. Thayer, circuit judge of this circuit, upon the subject of removal of causes, in which he uses the following language:

"And in such cases a cause is removable at the instance of a nonresident defendant or defendants, though certain residents of the state in which the suit is pending have been joined as codefendants with nonresident defendant or defendants."

And cites in support of the proposition the cases of Whelan v. Railroad Co. (C. C.) 35 Fed. 849, 1 L. R. A. 65; Thouron v. Railroad Co. (C. C.) 38 Fed. 673; Niblock v. Alexander (C. C.) 44 Fed. 306. This, I think, is undoubtedly a correct statement of the rule in a case where there is a separable controversy. The case of Niblock v. Alexander (C. C.) 44 Fed. 306, is a case in which the plaintiffs were citizens of different states, and hence the removal was denied. In the case of Thouron v. Railroad Co. (C. C.) 38 Fed. 673, the opinion of the court was delivered by Judge Jackson, the same judge who delivered the opinion of the court in the case of Whelan v. Railroad Co. (C. C.) 35 Fed. 849, 1 L. R. A. 65. While the learned judge in the latter case distinguished that case from Whelan v. Railroad Co., and sustained a motion to remand, he has this to say of the construction to be given to the statute:

"In so far, therefore, as the act of March 3, 1887 (re-enacted in 1888), copies old clauses and provisions of the act of 1867 [U. S. Comp. St. 1901, p. 509], it must be regarded as a legislative re-enactment of the meaning which the supreme court had previously given to those clauses."

The act of 1867 provided that, where a suit is now pending or may hereafter be brought in any state court in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, etc., the citizen of such other state, whether plaintiff or defendant, making the required affidavit, and within the time prescribed, was allowed to remove the suit. This clause defines the class of controversies which are removable under its provisions, and also declares by whom the right of removal may be exercised. In cases wherein there was more than one plaintiff or defendant, the supreme court held, under this act, that all interested on one side of the controversy must be citizens of the state in which the suit was brought, and all interested adversely must be citizens of other states; and, further, that all the citizens of the state or states other than that in which the suit was pending must unite in the application for removal. Sewing Mach. Cos. Case, 18 Wall. 553, 21 L. Ed. 914. This same construction was applied to the local prejudice clause under this act. Society v. Price, 110 U. S. 61, 3 Sup. Ct. 440, 28 L. Ed. 70; Hancock

v. Holbrook, 119 U. S. 586, 7 Sup. Ct. 341, 30 L. Ed. 538. It will be noticed that the class of cases to which the local prejudice clause was applicable under the act of 1867 was that class wherein one side of the controversy was represented by a citizen or citizens of the state wherein the suit was pending, and the other by a citizen or citizens of other states, and did not include cases wherein the controversy was partly between citizens of the same state. In respect to the character of the suit and the parties thereto, the language of the act of 1867 and the act of 1888 is identical. The act of 1867 provided that:

"Where a suit is now pending or may hereafter be brought in any state court, in which there is a controversy between a citizen of the state in which the suit is brought, and a citizen of another state," etc., "the citizen of such other state, whether plaintiff or defendant, making required affidavit within the time prescribed, is allowed to remove the suit."

The first portion of the fourth subdivision of section 2 of the act of 1888 [U. S. Comp. St. 1901, p. 509] employs the same descriptive terms as to suits and parties, but limits the right of removal to any defendant being a citizen of another state. The suit described in both acts as to parties is "between a citizen of the state in which it is brought and a citizen of another state."

While the supreme court of the United States has never passed upon the question now before the court, Mr. Justice Bradley, delivering the opinion of the court in Ex parte Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738, having under consideration the fourth clause of this section, said:

"The initial words 'And where' are equivalent to the phrase 'And when in any such case.' In effect they are tantamount to the beginning words of the third clause, namely, 'And where in any suit mentioned in this section.' "

Judge Shiras, in Anderson v. Bowers, in considering this identical question, uses this language:

"When congress enacted the statute of 1888, and used therein the same definition of the class of cases removable on the grounds of local influence or prejudice, is there any escaping from the conclusion that the same construction should be applied thereto? It is well settled that, where the terms used in the statute have acquired a well-understood meaning through judicial interpretation, and the same terms are used in a subsequent statute upon the same subject, the presumption is that it was the legislative intent that the same interpretation should be given thereto, unless by qualifying or explanatory additions the contrary intent is made to appear. * * * It is urged in argument that the use of the words 'any defendant,' being such citizen of another state, may remove, etc., implies that there may be defendants who are not citizens of another state, and yet the case may be removed if there is a defendant who is a citizen of another state. It cannot be gainsaid that the words are susceptible of this construction, and, if the class of cases removable under this clause had not been previously defined and limited, it might well be that such construction would be permissible. In view, however, of the settled construction given to the preceding portion of the clause, I do not think this possible implication should be held to show that it was intended to change the meaning of the terms previously used. It seems to me to be the true rule to give the words, 'in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state,' the same meaning in the act of 1888 as was given then in construing the act of 1867; thus holding that the class of cases removable on the ground of prejudice and local influence is confined to those in which there is a controversy between a citizen or citizens of the state in which the suit is pending and a citizen or citizens of another or other states,

but not including suits in which there is a controversy partly between a citizen or citizens of the state wherein the suit is pending and a citizen or citizens of other states, and partly between citizens of the same state."

While the views expressed by Judge Shiras differ from the views expressed by the circuit court in other circuits, I am inclined to concur in the reasoning of that case, and hold that the application for removal must be denied.