WELDON v. FRITZLEN et al.

(Circuit Court, D. Kansas, Second Division. April 2, 1904.)

No. 1,009.

1. REMOVAL OF CAUSES—SINGLE CONTROVERSY.

An action in a state court, brought by a mortgagee against his mortgagors and their creditor, claiming a mortgage lien on the property to obtain a decree foreclosing his mortgage, fixing the amount of the mortgage debt due and unpaid, adjusting the liens upon the property, and adjudging their priority, presents but a single controversy.

2. SAME—DIVERSE CITIZENSHIP.

In such suit or action, when the plaintiff and defendant mortgagors are citizens of the state in which the suit is brought, and the creditor of the mortgagors claiming a mortgage lien on the property is a citizen of another state, such mortgage creditor cannot, by a rearrangement of the parties to the controversy, or otherwise, upon the ground of diverse citizenship of the parties, remove the case into the federal court.

3. SAME—PREJUDICE.

Neither can such suit be removed into the federal court by the nonresident mortgage creditor of his codefendant mortgagors on the ground of prejudice and local influence.

(Syllabus by the Court.)

In Equity.

H. J. Bone and Hite & Nichols, for the motion.
Botsford, Deatherage & Young, for Boatmen's Bank.

POLLOCK, District Judge. An action under the Code was brought in the district court of Clark county by W. H. Weldon against D. G. Fritzlen and Edna P. Fritzlen, his wife, to foreclose two mortgages given by the Fritzlens to plaintiff to secure a promissory note in the sum of $3,750, one a real estate mortgage, the other a chattel mortgage. To this action the Boatmen's Bank, a corporation of Missouri, was made party defendant because of the fact that said bank held two mortgages prior in point of time, the one a real estate and the other a chattel mortgage, on the identical property mortgaged to plaintiff, to secure a large sum of money owing by the Fritzlens to said bank. The petition filed in the state court, omitting a description of the property incumbered, reads as follows:

"The plaintiff, for his cause of action against the defendants, says:

"(1) That on July 2, 1903, the defendants D. G. Fritzlen and Edna P. Fritzlen, for a valuable consideration, executed to this plaintiff their promissory note for the sum of thirty-seven hundred and fifty ($3,750) dollars, which said note by its terms became due and payable to this plaintiff on July 12, 1903; that a copy of said note is hereto attached, marked 'Exhibit A,' and made a part of this petition; that said note is due and unpaid, and there is due to this plaintiff on account thereof from said defendants D. G. and Edna P. Fritzlen the sum of thirty-seven hundred and fifty ($3,750) dollars.

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

¶ 2. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

"(2) That on July 2, 1903, the defendants D. G. and Edna P. Fritzlen, for the purpose of securing the payment at maturity of the note mentioned in paragraph 1 of this petition, executed to this plaintiff certain mortgages, by terms of which the said defendants D. G. and Edna P. Fritzlen conveyed to this plaintiff, as security for the debt evidenced by said promissory note referred to hereinbefore as 'Exhibit A,' the following described personal and real property, to wit: * * *. That all of said real estate is situated in Clark county, Kansas. That a copy of said mortgages, conveying to this plaintiff said personal property and said real property, is hereto attached, and marked respectively Exhibits 'B' and 'C,' and made a part of this petition.

"(3) That the defendant, the Boatmen's Bank, is a corporation organized and existing under the laws of the state of Missouri, and has its principal office in the city of St. Louis, in said state. That said defendant bank has or claims to have an interest in the personal and real property, hereinbefore described, by virtue of certain pretended mortgages which said bank asserts to be liens upon said personal and real property, but this plaintiff alleges that the Boatmen's Bank, defendant herein, has no right, title, or interest in or to any of said personal or real property; and that whatever interest the said Boatmen's Bank has or claims to have by virtue of said mortgages grows out of certain transactions entered into between said bank and a certain partnership known as Elmore & Cooper, which said transactions, in so far as they relate to said mortgage liens, this plaintiff alleges to be wholly illegal and void. This plaintiff further alleges that the mortgages which the said Boatmen's Bank asserts are void, illegal and of no effect. The plaintiff further alleges that if said Boatmen's Bank has any claim or right, title, or interest in or to any of said personal or real property, the same is junior, inferior, and subordinate to the right, title, interest, and liens of this plaintiff. That, by virtue of said mortgages executed to this plaintiff by the said defendants D. G. and Edna P. Fritzlen, this plaintiff is now the owner and holder of valid and subsisting liens against said personal and real property, hereinbefore described, to the amount of thirty-seven hundred and fifty ($3,750) dollars. That the said Boatmen's Bank, defendant herein, claiming, as it does, the legal title to said personal property by virtue of said pretended, illegal, and void mortgages, is about to take possession of said personal property and convert same to its own use, to the irreparable injury of the plaintiff, as said bank will convey said personal property out of the jurisdiction of this court.

"Wherefore this plaintiff prays for judgment against the defendants D. G. and Edna P. Fritzlen for the sum of thirty-seven hundred and fifty dollars, with interest thereon at the rate of ten per cent. per annum from July 2, 1903 ($3,750), and that said judgment may be declared to be a lien upon all the said personal and real property hereinbefore described; that upon final decree that said personal and real property, or so much thereof as may be necessary, shall be sold for the purpose of satisfying said judgment; that the mortgage lien of this plaintiff against said personal and real property be decreed to be a first lien thereon; that upon the sale of said property that the proceeds thereof be brought into court and applied as follows: First, to the payment of the costs of this suit; second, to the payment of the costs of said sale; third, to the satisfaction of this plaintiff's claim and judgment against said D. G. and Edna P. Fritzlen.

"The plaintiff further prays for such other and further relief as to this court may seem meet, and the plaintiff will ever pray."

In due season, defendant, the Boatmen's Bank, filed its petition and bond for removal of the cause into this court. The petition for removal, omitting formal parts, reads as follows:

"Your petitioner, the Boatmen's Bank of St. Louis, Missouri, one of the defendants in the above-entitled cause, respectfully shows that the matter and amount in dispute in this suit exceeds, exclusive of interest and costs, the sum and value of two thousand dollars; that the property described in plaintiff's petition is worth about $30,000, and much in excess of $20,000; and that the prior mortgages held on said property by said Boatmen's Bank were given and are held by said Boatmen's Bank to secure an indebtedness due said bank

128 F.—39

from .said D. .G. Fritzlen and Edna P. Fritzlen in the sum of $32,920.15, with interest at eight per cent. per annum from November 30, 1901; and that said plaintiff, as will appear by his petition herein, is seeking to establish a first and prior lien on and against said property in the sum of $3,750.

"Your petitioner further shows that this defendant is a corporation created and existing, as averred in plaintiff's petition, under the laws of the state of Missouri, and has its principal office at the city of St. Louis, in said state, and that therefore, before, at, and ever since, and for a long time prior to, the bringing of this suit, said Boatmen's Bank was and still is a corporation duly created under the laws of and a citizen of the state of Missouri. That said bank is engaged in the banking business in the city of St. Louis, Missouri.

"Your petitioner further avers and shows that said plaintiff, W. H. Weldon, and the defendants D. G. and Edna P. Fritzlen, were at the time of the bringing of this suit, and ever since have been, and for more than two years prior to the bringing of this suit have been, and still are, citizens of the state of Kansas, and residents of the county of Clark, in said state of Kansas.

"Your petitioner further shows and avers that the controversy herein as to whether the alleged mortgage of plaintiff, or the prior mortgage of said Boatmen's Bank, on the properties described in plaintiff's petition, is prior and paramount, is a separable controversy wholly between plaintiff and said Boatmen's Bank, and that said controversy can be determined herein fully as between the plaintiff and said Boatmen's Bank.

"Wherefore, said Boatmen's Bank prays the court to make an order removing this cause to said United States Circuit Court for the District of Kansas, sitting in the Second Division thereof.

"For a still further ground and cause of removal herein, said Boatmen's Bank shows and avers that the controversy herein is between the plaintiff and said Boatmen's Bank, and that by reason of prejudice against said Boatmen's Bank, and the local influence of said plaintiff, Weldon, and of the defendants D. G. and Edna P. Fritzlen, in said Clark county, Kansas, said Boatmen's Bank will not be able to obtain justice in this cause in the district court of Clark county, Kansas, and that said Boatmen's Bank does not have the right under the laws of Kansas to remove said cause to some other county than Clark county on account of said prejudice and local influence; and defendant Boatmen's Bank shows and avers that said plaintiff is a public official of said Clark county, Kansas; that said plaintiff is and has been a member of the Kansas Legislature, and that said plaintiff attends the political conventions of his party, which is the dominant party in said Clark county, and is influential in shaping the policy of said county and in electing the judge, clerk, sheriff, and other officers of said district court, and in the selection of juries, and is a man of wide and extensive influence in said county, and that said defendants D. G. and Edna P. Fritzlen, although united with said Boatmen's Bank as defendants herein, are on the same side of the controversy herein with said plaintiff, Weldon, and that said defendants Fritzlen and Fritzlen are and for many years last past have been prominent citizens of said Clark county, Kansas, and of wide and extensive influence therein, and that said Fritzlens also take a prominent part in the public affairs of said county, and by reason of the controversy herein between them and said Boatmen's Bank, which has extended back for two years last past, have caused and engendered against said Boatmen's Bank in said Clark county a prejudice; that said Fritzlens and plaintiff, Weldon, are stockmen engaged extensively in the cattle business in said Clark county; that the chief industry in said county is, and for many years has been, the cattle and live stock business, and that said Fritzlen and plaintiff, Weldon, by reason of the controversy herein with said Boatmen's Bank, have caused a prejudice to exist among cattlemen generally in said county against said Boatmen's Bank, and that by reason of the local influence of said plaintiff and said Fritzlens in said county, and by reason of the prejudice which they have caused to exist against said Boatmen's Bank in said county, said Boatmen's Bank would not be able to obtain justice in said district court in this cause; and said bank shows and avers that there is much prejudice in said Clark county, Kansas, against foreign corporations and banks.

"Wherefore, said Boatmen's Bank prays the court to make an order removing this cause to said Circuit Court of the United States for the District of Kansas, sitting in the Second Division thereof.

"And, for a still further and additional ground for the removal of this cause, your petitioner shows to the court and avers that, in respect to the controversy herein with respect to the Boatmen's Bank, said plaintiff, Weldon, and said defendants D. G. and Edna P. Fritzlen are on one side and allied together, and are each and all of them hostile to this defendant, the Boatmen's Bank, and that therefore this suit in its entirety is a controversy between citizens of different states, to wit, the plaintiff, Weldon, and defendants Fritzlen and Fritzlen are citizens of the state of Kansas, and this plaintiff, the Boatmen's Bank, is a citizen of the state of Missouri."

A motion to remand to the state court was interposed by plaintiff and defendants Fritzlen, and presented at the September, 1903, term of this court, and the following order entered thereon:

"And now come said parties plaintiff and defendants, and the motions to remand this cause to the district court of Clark county, Kansas, of the plaintiff and of defendants D. G. Fritzlen and Edna P. Fritzlen, coming on to be heard, the court finds from the pleadings and record that this suit is a controversy between plaintiff and defendants D. G. Fritzlen and Edna P. Fritzlen, who are citizens of the state of Kansas, on the one side, and the defendant, Boatmen's Bank, which is a citizen of the state of Missouri, on the other side, of said controversy; that said Boatmen's Bank had the right to remove this cause to this court, and said motions to remand are accordingly annulled and denied."

Thereafter a plea to the jurisdiction of this court was interposed by plaintiff, and the bank's exception thereto overruled, and replication filed by the bank. Upon application of plaintiff, the court being in doubt as to its jurisdiction, the filing of a second motion to remand has been permitted, and exhaustive oral arguments and elaborate briefs of counsel touching all questions concerning the jurisdiction of this court have been presented, including the right of the bank to remove this cause into this court on the ground of prejudice and local influence.

The first contention of counsel for the bank is that the former order of this court denying the motion to remand should stand as the law of the case until reversed on appeal. Such contention, when confined to ordinary rulings, is and should be given much weight, that there may be an end of litigation; but, when the decision or order made relates to the jurisdiction of the court itself, it becomes the duty of the court to pause upon the application of counsel, or, indeed, upon its own motion, and reconsider the question of the right to proceed further in the cause. It is elementary that no court should proceed in any case in which it has no power to investigate and determine between the parties, and, if it does so do, its proceedings are a nullity. Hence, if, upon a reconsideration of the question of jurisdiction of the court over the subject-matter of the suit or action, the court becomes convinced of its want of jurisdiction, it should not hesitate to so declare, notwithstanding any former ruling made to the contrary. Any other course is worse than error. It is a folly, alike expensive and oppressive to the litigants, and fruitless of good to any one. First National Bank of Chicago v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196, 33 L. Ed. 462; Mo. Pacific Railway v. Fitzgerald, 160 U. S. 556, 16 Sup. Ct. 389, 40 L. Ed. 536; Fitzgerald v. Missouri Pac. Ry. Co. (C. C.) 45 Fed. 812; Kessinger v. Vannatta (C. C.) 27 Fed. 890.

By reference to the former order of this court made on the motion to remand, it will be seen that order is expressly placed upon the ground that this suit involves a controversy between the plaintiff and the defendants Fritzlen on the one hand and the bank on the other. Hence it was held the controversy is removable into this court on the principle of rearrangement of the parties to the controversy, and this rearrangement of the parties is made from the petition filed and record made in the state court. Is such rearrangement of the parties to the controversy possible in the light of the facts pleaded in the petition of the plaintiff? I am convinced this cannot be done. In Insurance Company v. Delaware Mut. Ins. Co. (C. C.) 50 Fed. 243, Judge Hammond says:

"The court cannot search the record for a mere ideal controversy that might have been made by the plaintiff, which is separable and wholly determinable as between citizens or corporations of different states, and arrange the parties as if that controversy had been made, but must find a real controversy actually made by the pleadings, and may then arrange and adjust the parties without regard to their present attitude on the record, if it have the separable quality, and may be wholly determined between citizens or corporations of different states. * * * It is urged that the position of the parties on the record is immaterial, and that the court will arrange them on either side according to the nature and character of the controversy. But this always has reference to the controversies made by the pleadings, and does not authorize the interjection of a suit not made by the pleadings, nor authorize the court to construct pleadings that do not exist for such interjected suit."

In Black's Dillon on Removal, § 147, it is said:

"But the removability of the cause is tested by the character of the suit as disclosed by the pleadings of the plaintiff, and it is not in the power of the defendants thus to make that separable which the plaintiff has chosen to make joint."

Recurring to the petition of plaintiff, what is the cause of action therein stated? It is, in substance, that defendants Fritzlen are indebted to plaintiff on a past-due promissory note; that this note is secured by certain mortgages upon the property of the defendant makers of the note, which are prior liens thereon; that the defendant bank therein claims some interest in the property incumbered by plaintiff's mortgages, by virtue of certain mortgages held by the bank, and by the bank asserted to be valid liens upon the property, but, as alleged by plaintiff, such mortgages are void and of no effect. The relief asked is a decree for the amount due plaintiff, and foreclosure of his mortgages and sale of the property, free and discharged of any lien thereon asserted by the bank. In such case, it is conclusively settled by authority, there exists but one controversy or cause of action. In Thurber v. Miller, 67 Fed. 371, 14 C. C. A. 432, Judge Caldwell, delivering the opinion of the court, says:

"This is an ordinary suit in equity to foreclose a mortgage on real estate. The bill makes the heirs and executors of the mortgagor and the creditors of the mortgagor having, or claiming to have, liens on the mortgaged premises, defendants; alleges the amount of the mortgage debt; that default has been made in payment thereof; and prays for a decree for the amount of the debt, and for the sale of the mortgaged premises to satisfy the same. The creditors of the mortgagor having liens on the mortgaged premises are made defendants for the purpose of barring their equity of redemption, and as to them the allegation of the bill is as follows: 'Plaintiff further states, on informa-

tion and belief, that the defendants Addison W. Hastie, Fred T. Evans, Lawrence county, and the city of Deadwood have, or claim to have, some interest in or lien upon said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of said mortgage.' A bill for a foreclosure of a mortgage which asks for a decree for the amount of the mortgage debt, and the sale of the mortgaged premises to satisfy the same, and alleges that the lien of the complainant's mortgages is prior and superior to the liens of some of the defendants named in the bill, presents but a single cause of action. The ascertainment of the relative rank of the liens is incidental to the main purpose of the suit. 'The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' Railroad Co. v. Ide, 114 U. S. 52 [5 Sup. Ct. 735, 29 L. Ed. 63]; Torrence v. Shedd, 144 U. S. 527 [12 Sup. Ct. 726, 36 L. Ed. 528.]"

In Thompson v. Dixon (C. C.) 28 Fed. 5, it is said:

"There is but one cause of action in the case, which is the foreclosure of the mortgage, and the proper adjustment of the several liens upon the property. To this action the mortgagor, who is the holder of the equity of redemption, and who is liable for any deficiency, is a necessary party. He is, indeed, the principal party defendant, resides in the same state with the plaintiffs, and cannot be ranged on the same side with the plaintiffs for the purpose of making a case for removal to the federal court."

In a suit to foreclose a mortgage the holder or holders of the legal title to the property are necessary parties, in order that the decree entered, and sale thereunder, may cut off their equity of redemption. Such holder or holders of the legal title, and all persons against whom the plaintiff demands a personal decree for the indebtedness due, are parties necessary to the case, and are adversary parties to the plaintiff, hence necessary parties defendant to the suit; and such adversary parties, of necessity, must remain as they came into the case, defendants, and cannot, for the purpose of conferring jurisdiction on the federal court, or for any other cause, be arranged on the same side of the controversy with plaintiff. Their interest is not united with that of the plaintiff, but is antagonistic to plaintiff. These propositions are self-evident, and need no support from authority.

Again, as the petition filed in the state court by plaintiff makes but one cause of action or controversy between plaintiff and all the defendants, and as the defendants Fritzlen, the makers of the note and mortgagors, are necessary parties defendant, antagonistic to plaintiff, and not united in interest with plaintiff, the suit could not have been by plaintiff, in the first instance, brought in this court, because the defendants Fritzlen are citizens and residents of this state with plaintiff. Hence the cause cannot be removed into this court by the bank, a nonresident of this state and a citizen of Missouri, for only such suits as might originally have been brought in this court can be removed into this court. In Mexican National Railroad v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672, the Chief Justice, rendering the opinion, says:

"We must hold, therefore, as has indeed already been ruled in Tennessee v. Union & Planters' Bank, 152 U. S. 454 [14 Sup. Ct. 654, 38 L. Ed. 511], that the jurisdiction of the Circuit Court, on removal by the defendant under this section, is limited to such suits as might have been brought in that court by the plaintiff under the first section. The question is a question of jurisdiction, and as such cannot be waived."

It must therefore be held, on the case made by plaintiff in the state court, this cause was improperly removed into this court on the ground of diverse citizenship of the parties thereto.

At the oral argument something was said by counsel for the defendant bank of the want of good faith on the part of plaintiff and defendants Fritzlen in the making of the papers forming the basis of plaintiff's suit, and in the bringing of this suit. The allegations of fact in the petition for removal are, by the motion to remand, taken as true. No issue has been joined thereon by plaintiff below, no fraud or fraudulent joinder of parties defendant to defeat the jurisdiction of this court is there pleaded, hence such contention, if possessing any foundation in fact in such suit as this, is unavailing here.

But one question remains. Is this case in its nature such as may be removed into this court by the defendant bank on the ground of prejudice and local influence? While the application made upon this ground is found in the petition for removal which was addressed to the state court, and was not addressed to this court, yet, it being the desire of counsel for all parties to this controversy that the question of the right in law of the defendant bank to remove this case into this court, upon proper application alleging prejudice and local influence, be now determined, the same will be considered as though the application were in proper form addressed to this court and supported by sufficient proof. As has been seen, the suit involves but one controversy. The defendants Fritzlen are necessary parties defendant, because their interests in the subject-matter of the controversy are adverse to that of plaintiff. The suit could not have been brought in this court, and hence cannot be removed from the state court into this court by the defendant bank on the ground of diverse citizenship of the parties, for the reason the principal and necessary defendants Fritzlen are citizens of this state with plaintiff.

May the bank remove the cause into this court on the ground of prejudice and local influence? This precise question has not been ruled by the Supreme Court or the Court of Appeals for this circuit. It has, however, been twice decided in this circuit. Anderson v. Bowers (C. C.) 43 Fed. 321; Campbell v. Milliken (C. C.) 119 Fed. 982. While a contrary view has been held in other circuits, yet when the language of the act of 1887–88, Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509], in this regard is compared with that of the act of 1867, Act March 2, 1867, c. 196, 14 Stat. 558, as that act was construed by the Supreme Court in Myers v. Swann, 107 U. S. 546, 2 Sup. Ct. 685, 27 L. Ed. 583; American Bible Society v. Price, 110 U. S. 61, 3 Sup. Ct. 440, 28 L. Ed. 70; Cambria Iron Co. v. Ashburn, 118 U. S. 54, 6 Sup. Ct. 929, 30 L. Ed. 60; Hancock v. Holbrook, 119 U. S. 586, 7 Sup. Ct. 341, 30 L. Ed. 538; Young v. Parker, 132 U. S. 267, 10 Sup. Ct. 75, 33 L. Ed. 352—I am convinced of the soundness of the views expressed in Anderson v. Bowers and Campbell v. Milliken, supra, wherein it is held: One of two defendants, both necessary parties to a suit in which there is no separable controversy, cannot remove the cause into the federal court on the ground of prejudice or local influence under the fourth subdivision of section 2 of the judiciary act of 1887–88, where his codefendant is a

citizen of the same state as the plaintiff. That this is the true construction of the section of the act under consideration, and the irresistible conclusion of the whole matter, becomes more apparent when the language employed by Mr. Justice Gray, delivering the opinion of the court on a question of close analogy with that now under consideration in Hanrick v. Hanrick, 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685, and that of Mr. Justice Bradley in Re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738, is considered; and this view is in harmony with the repeated decisions of the Supreme Court, that the purpose of the act of 1887–88 was to further restrict the jurisdiction of the federal courts.

It follows, the motion to remand the case to the state court from whence it came must be sustained, and the application made to remove this cause into this court on the ground of prejudice and local influence, from the very nature of the case, must be denied. It is so ordered.